Case v. Hicks.

# CASE V. HICKS.

**Surety :** JUDGMENT AGAINST AS PRINCIPAL : MORTGAGE FORECLOSURE : ORDER OF SUBJECTING PROPERTY : RES ADJUDICATA. Plaintiff signed a note as surety, but the fact that she was surety only did not appear on the note. The principal executed a mortgage on his land to secure the note, and afterwards sold the land to the defendant. Plaintiff also joined the principal in executing another mortgage to secure the note on another tract of land, in which she owned an undivided one-third. In an action to foreclose the mortgages, plaintiff and defendant herein were both made parties defendant, and plaintiff made default, but defendant answered, and set up that plaintiff was the principal debtor on the note, and that his grantor was but a surety, and, in legal effect, that he himself was a surety to the extent of the value of the land purchased by him, and asked that the undivided one-third interest of plaintiff in the other tract of land be exhausted before his land should be sold. Plaintiff had no notice of this answer, but a decree was entered in accordance therewith, and her undivided one-third was sold in satisfaction of the judgment on the note. Afterwards plaintiff brought this action, alleging, among other things, that she was but a surety on the note, and asking judgment against defendant and the principal on the note, and that such judgment be declared a lien on the land bought by defendant, paramount to his title thereto, and for general equitable relief ; but *held*—

(1) That since plaintiff took no steps in the first action to show that she was but a surety, she must be held to have consented that her property might be held as that of a principal debtor.

(2) That defendant, if he claimed to be but a surety, had a right, under section 3042 of the Code, to make that claim in the first action, without notifying plaintiff of that fact, and to have an order that the principal's property be first exhausted.

(3) That such order was a valid adjudication against plaintiff, which she could not attack in a subsequent action.

*Appeal from Calhoun District Court.*—HON. J. H. MACOMBER, Judge.

FILED, OCTOBER 25, 1888.

ON the tenth day of October, 1884, the plaintiff and defendants, Philetus R. Hicks and Alma Hicks, made their promissory note, in favor of E. A. Richmond, for $262.50. To secure the payment of this note, Philetus R. and Alma Hicks executed a mortgage on the north half of the northwest quarter of section 21, township 86, range 32 ; and plaintiff joined with said defendants in executing a mortgage on the south half of said quarter section. Plaintiff claims that her interest covered by this mortgage was the ownership of an undivided one-third of the land therein described. Both mortgages were duly recorded. On the twenty-eighth day of January, 1885, Philetus R. Hicks and Alma, his wife, conveyed the tract of land first described to Jacob Hicks by warranty deed. In December, 1885, Richmond commenced an action to recover judgment for the amount of the note, and to foreclose the two mortgages, and made plaintiff, Philetus, Alma, and Jacob Hicks, and other parties defendant. Plaintiff was duly served with notice of the action, but made default. Jacob Hicks appeared, and filed an answer, in which he alleged, in substance, that he was the owner of the north half of the quarter section described ; that he acquired such ownership after the mortgage thereon to Richmond had been executed, but without any actual knowledge of its existence ; that the amount of said mortgagee's claim had inured to the benefit of the plaintiff in this case ; and asking that her interest in the south half of said quarter section be first exhausted to satisfy the mortgage debt. No relief was in terms asked against the plaintiff in this case, and she was not notified of the relief demanded in the answer. On the fifth day of February, 1886, Richmond recovered judgment for the amount of his note, and a decree foreclosing the mortgages ; but providing that the sheriff should " exhaust the undivided one-third of the south half " of said quarter section before selling the north half. An execution was issued, and the interest of plaintiff was sold to defendant Joseph A. Hicks for enough to satisfy the judgment and costs.

On the first day of September, 1886, the plaintiff filed her petition in this case, in which she claims that she signed the note to Richmond as surety only for Philetus R. Hicks ; that Jacob Hicks took the conveyance for the north half of said quarter section with knowledge of the aforesaid mortgage thereon, and that he assumed its payment; that after the foreclosure proceedings were commenced he fraudulently, and with intention to cheat and defraud, represented to plaintiff personally, and by letters through his attorney, that he had fully paid the note ; that the foreclosure proceedings were dismissed, and that there could be no necessity for her to make an appearance in the case ; that plaintiff relied upon said representations, and made no appearance in the foreclosure proceedings ; that Jacob Hicks appeared, and deceitfully and fraudulently procured the decree which required the sale of her land for the payment of the judgment ; that the promises of said Jacob Hicks to pay off said note were false, and made to defraud plaintiff; that defendants Jacob, Joseph, and Philetus R. Hicks formed a conspiracy to cheat and defraud the plaintiff ; that the last-named defendant is insolvent, and has absconded ; and that her interest in the land was sold for $381.57. She asks judgment against Jacob and Philetus R. Hicks, and that such judgment be declared paramount to the title of Jacob Hicks to the north half of said quarter section, and for general equitable relief. The answer of Jacob Hicks alleges, in substance, that he purchased the land in good faith, without actual notice of the Richmond mortgage, and that plaintiff was the principal maker of the mortgage note, and received the benefits derived therefrom. It also alleges that the liability of plaintiff's interest in the land was adjudicated in the foreclosure proceedings ; that the judgment thereon rendered is in full force ; and that plaintiff, by reason of having been a party to such proceedings, is estopped from questioning said judgment in this action. A trial to the court below resulted in a decree giving to plaintiff a lien on the north half of the quarter section in question for $380.97 and interest. Jacob Hicks appeals.

Case v. Hicks.

*E. C. Stevenson* and *O. J. Jolley*, for appellant.

*J. C. Kerr*, for appellee.

ROBINSON, J.—I. There is some conflict in the evidence, but we think it shows that plaintiff signed the Richmond note as surety for Philetus R. Hicks. The money received thereon was used by her, but was in effect a repayment of money which was borrowed of her by Philetus. Some conversation was had between plaintiff and appellant, but it was after the latter had obtained his deed for the land ; and, if statements or promises were therein made, as claimed by plaintiff, they were without consideration, and without force to obligate appellant. The plaintiff fails to show that appellant assumed the Richmond mortgage at the time he acquired title to the land, or that he knew of its existence. The charges of fraud are not sustained. It is true that the decree in the foreclosure case was as asked by appellant ; but the facts in the case gave some color to his claim that plaintiff was the principal debtor, and we do not find that such claim was fraudulently made, nor do we find any ground for concluding that appellant made any representation to plaintiff to induce her not to appear in the Richmond case. If her statements as to what he said are true, he made some statements of an intention on his part to pay the mortgage debt, but they were made long before the foreclosure proceedings were commenced, and were not of a character to justify plaintiff in relying upon them.

II. Appellant insists that the adjudication in the Richmond case is valid, and that appellee is, by this action, making a collateral attack upon it. Appellee contends that the law of *res judicata* has no application to this case ; that she made default in the foreclosure proceedings, and is concluded by the judgment therein rendered only as to the very matters set up in the petition, and of which she had notice. It is not

disputed that plaintiff had due notice of the foreclosure proceedings, and that she was in fact a party thereto, and bound by the decree so far as it was warranted by the petition of Richmond. The court then had jurisdiction of the parties affected by its decree, and of the subject-matter of the action. It was within its power, and was its duty, so far as the facts were shown and relief was asked, to settle the question of priority of liens. 2 Jones, Mortg. sec. 1445. See, also, *Graham v. Railroad Co.*, 3 Wall. 711. If appellant's theory of the relation of appellee to the mortgage debt had been correct, he was surety for the payment of that debt, to the extent that his mortgaged property was holden for it, and was entitled to the relief given by the decree upon showing the fact to the court. Code, sec. 3042. We do not think it was necessary for him to give notice to his co-defendants of his claim. They knew that he was a party to the action, and were chargeable with notice of whatever rights he might have which could be protected in the action, without a prayer for affirmative relief as against them. Appellee had taken no steps to have her relation to the note shown to the court. Hence she must be held to have consented that her property might be treated as that of a principal debtor. Section 3042, *supra*. She was made a party to the suit for the purpose of settling her liability. It was the proper time and tribunal in which to make her rights known, and have them protected. Having failed to do so, she ought not to be heard to question the decree in this action. *Tredway v. Sioux City & Pac. Ry. Co.*, 39 Iowa, 665. So far as her claim rests upon alleged promises and fraud on the part of appellant, it is not sustained by the evidence ; and, so far as it is based upon her suretyship, it must be held to have been adjudicated in the Richmond case ; and, until the decree in that case is set aside or modified by direct proceedings, it must be held to be conclusive as to her interests therein involved. The decree of the court below in this case is

REVERSED.