HATTIE BETZENDERFER, Appellee, v. L. H. WILSON, Appellant.

OCTOBER 23, 1928.

L. R. Ball and Klay & Klay, for appellant.

Hatley & Van de Steeg and Jepson, Struble. Anderson & Sifford, for appellee.

FAVILLE, J.—The facts in this case are not in dispute. The appellee was the owner of 120 acres of land in Howard County, which was subject to three mortgages. The appellant owned property in Hawarden, Iowa, and an exchange was effected between the parties, by which the appellee conveyed the Howard

County land to the appellant. This was in 1923. Default being made in the payment of the amount due on one of said mortgages, the mortgagee, one Richmond, brought foreclosure proceedings in the district court of Howard County in 1926. In said action, the appellant and the appellee were each made parties defendant, together with certain other persons, who, it was claimed, had an interest in said real estate. The parties were personally served with notice of said foreclosure proceedings. In the petition in said action in Howard County, the foreclosing mortgagee alleged that she "understands and believes" that the appellant herein had assumed and agreed to pay said mortgage. The prayer was for personal judgment against both the appellant and the appellee for the amount due. The appellant appeared in said foreclosure action and filed an answer, in which he denied knowledge or information with regard to various paragraphs, including the one wherein the plaintiff in said action alleged her understanding and belief that he had assumed and agreed to pay the mortgage. No cross-petition was filed by appellant, and no relief asked by him except the dismissal of the plaintiff's petition. The foreclosure proceedings went to decree, and the court found that no personal judgment should be entered against the appellant herein, but did render personal judgment against the appellee, and decreed foreclosure of the mortgage.

It appears in the instant case that the appellee has paid the deficiency judgment in the foreclosure case, and this action is brought in equity, to reform the warranty deed executed by the appellee to the appellant, and to incorporate therein the provision that the appellant assumed and agreed to pay said mortgage, and also to recover the amount paid by her in satisfaction of the deficiency judgment in the foreclosure proceedings. The court decreed reformation of the deed between the parties, as prayed, and entered judgment against the appellant for the amount found to be due. In this court the appellant concedes at the outset that the evidence was sufficient to warrant the court in finding that there was an oral agreement between the appellant and the appellee that the appellant should assume and agree to pay the mortgage in question, and the appellant concedes that the only question for determination in this appeal is whether or not the rights between the parties to this

action have been conclusively adjudicated in the foreclosure action in Howard County.

The appellant bases his claim to a reversal upon the case of *Case v. Hicks;* 76 Iowa 36. In that case it appeared that Philetus R. and Alma Hicks gave a note to one Richmond, and, to secure payment of the same, executed two mortgages, one on a tract of land owned exclusively by Philetus R. and Alma Hicks, and the other on a tract of land owned by said parties and Case jointly, the interest of Case in said tract being a one-third interest. Subsequently, Philetus R. and Alma conveyed the tract of land owned by them to one Jacob Hicks, by warranty deed. Later on, Richmond commenced an action to foreclose said mortgages against both of said tracts, and made all interested parties defendants in said action. Case was served with notice, but made default. Jacob Hicks, the grantee of the one tract, appeared in said action and filed answer, in which he alleged his purchase of said premises, and that he acquired ownership without knowledge of the existence of the Richmond mortgage. He alleged that the amount of the mortgagee's claim had inured to the benefit of Case, and asked that the interest of Case in the other tract of land be first exhausted, to satisfy the mortgage debt. He did not ask any relief against Case in said action, and Case was not notified of the relief sought by Jacob in his answer. The decree of foreclosure of the mortgages provided that the sheriff should exhaust the undivided third of the tract in which Case had an interest, before selling the tract which had been purchased by Jacob. The interest of Case was sold under sheriff's execution, and purchased by one Joseph Hicks. Subsequently, Case brought an action in which she claimed that she signed the note as surety only for Philetus R. Hicks, and charged that Jacob took the conveyance to the one tract with full knowledge of the mortgage, and that he assumed its payment. Case also claimed that, after the foreclosure proceedings were commenced, Jacob fraudulently represented that he had paid the note, and that the foreclosure proceedings had been dismissed, and charged that the defendants Jacob, Philetus, and the purchaser at the execution sale, Joseph, had formed a conspiracy to defraud Case. In her petition, Case asked judgment against Jacob and Philetus, and that said judgment be declared to be paramount to the title of Jacob to the tract which

he had purchased from Philetus. The answer of Jacob denied all allegations of fraud, and alleged that the liability of Case's interest in the land had been adjudicated in the foreclosure proceedings. We held that Case had failed to show that Jacob had assumed the mortgage in question at the time he acquired title to the land from Philetus, or that he knew of its existence, and that all charges of fraud were not sustained. In regard to the matter of the adjudication in the foreclosure proceedings, we held that the court had jurisdiction of the parties affected by its decree, and that it was within its power, so far as the facts were shown, and relief was asked, to settle the question of priority of liens. We held that Case was made a party to the foreclosure suit for the purpose of settling her liability, and as she had not set up her claim that Jacob became principal for the payment of the debt, and that she was surety only, it was adjudicated in the foreclosure case, and that, until that decree was set aside, it was conclusive as to the interests involved in the action brought by her.

In said action there was no claim of any privity of contract between the mortgagor and the defendant Jacob. He obtained title to the one tract of land, and in foreclosure of the two mortgages, he contended by answer that he had purchased without any knowledge of the mortgage, and that the plaintiff in the foreclosure action should be compelled to resort to the other tract secured by the mortgage, before resorting to that owned by Jacob. This defense in no way affected the liability of the mortgagor Case to the plaintiff in the foreclosure action. It was a mere question of the establishment of the priority of liens, and one defendant in the foreclosure action sought, as against the plaintiff in said action, to require that plaintiff resort to another portion of the mortgaged property before resorting to that owned by said defendant. We held that the mortgagor of the other tract, Case, being a party to said foreclosure proceeding, and fully advised of the fact that priority of liens on said premises would be involved, and having defaulted, was bound by the decree of foreclosure which required the plaintiff in said action to first exhaust her property before that of the purchaser of another tract which was mortgaged for the same debt. The case is in no way determinative of the ques-

tions involved in the instant case. In this action, but one tract of land is involved. That tract was conveyed by the appellee to the appellant. Subsequently, the holder of the mortgage started foreclosure proceedings, making both parties defendants. The plaintiff in said foreclosure proceeding claimed a personal liability against the grantee on account of an alleged assumption of said mortgage. As between said parties, the court found that there was no such assumption, and therefore denied the plaintiff in said foreclosure proceeding any personal judgment against the appellant herein. There was no issue whatever involved in said case between the appellant and the appellee, and the personal liability of the appellee, as original mortgagor in said action, was established in behalf of the plaintiff mortgagor, and foreclosure decreed. There was nothing involved in the issues or in the subject-matter that determined the question involved in this action, wherein the appellee seeks to reform the deed between said parties and to incorporate therein an assumption clause, and then to recover from the appellant personal judgment for the amount the appellee has paid to satisfy the deficiency of said judgment. There was no question of priority of liens involved in said action, and in no way, either directly or indirectly, was the question adjudicated between the appellant and the appellee in the foreclosure proceedings with regard to whether or not, as between said parties, the plaintiff did assume and agree to pay said mortgage. The fact that, in the foreclosure proceedings, plaintiff in said action alleged that the purchaser ''understood and believed'' he had assumed and agreed to pay the mortgage, and was unsuccessful in procuring personal judgment against the appellant, was in no way an adjudication of this appellee's rights to establish the fact of such assumption as between her and the appellant, and to reform her deed to conform to the proven facts. In this action the appellee is seeking to reform the deed as between her and the appellant, in a manner which the appellant concedes she is entitled to, and to establish the appellant's admitted liability to her under the terms of such deed as so reformed. This question was in no wise involved in any feature of the foreclosure case, and the rights of the parties were in no manner adjudicated by the decree in said action. The decree of the court in the in-

stant case is fully sustained by the record, and it must be, and is in all respects,—*Affirmed*.

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.