ANDERSON v. HALL ET AL.

1. **Injunction: JURISDICTION: PRACTICE.** To restrain the enforcement of a judgment by execution, the remedy must be sought in the county and court where the judgment was rendered upon which the execution issued. The fact that the judgment may have been obtained in a county whose court had not jurisdiction would not vary the rule.

*Appeal from Emmet Circuit Court.*

SATURDAY, APRIL 20.

A JUDGMENT was rendered by a justice of the peace of Palo Alto county against the plaintiff, in favor of the defendant

Hall. A transcript of said judgment was filed in the office of the clerk of the Circuit Court of Palo Alto county, and judgment entered thereon in said Circuit Court. An execution was thereon issued directed to the sheriff of Emmet county, and a transcript of the judgment filed in the proper clerk's office in the last named county. The sheriff being about to levy the execution on the property of the plaintiff, the latter commenced this action, the nature and object of which is to restrain such levy and the enforcement of said judgment, on the ground it is absolutely void, because the justice of the peace had no jurisdiction of the person of the defendant.

A temporary injunction was granted, which the court below refused to dissolve, and defendants appeal.

*E. B. Soper*, for appellant.

*Hawkins & Jones*, for appellees.

SEEVERS, J.—When the transcript was filed in the office of the clerk of the Circuit Court of Palo Alto county, it, in effect, amounted from that time to a judgment of the Circuit Court of said county, and could only be enforced by execution issued thereon by the clerk of such court. Code, § 3568. Such execution may issue into any county in the State. Code, § 3027.

1. INJUNCTION: jurisdiction: practice.

When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the suit must be brought in the county and court in which such action is pending, or the judgment or order was obtained. Code, § 3396.

The defendants moved the court to dissolve the injunction, because the judgment on which the execution issued was rendered in Palo Alto county, and the injunction issued by and from the Circuit Court of Emmet county. The motion should have been sustained. *Lockwood v. Kitteringham*, 42 Iowa, 257. In this last case the execution was special, and in the one at bar it is general. In all other respects the cases are iden-

tical. We are unable to see that the statute makes any distinction between a general and special judgment or execution, when the injunction is brought by a party to the judgment who seeks to enjoin the collection thereof.

It is, however, insisted if the action was brought in the wrong county, the only remedy was to move to change the place of trial. Code, § 2589.

The difficulty in this view is, that the Circuit Court of Emmet county had no jurisdiction of the subject-matter, and consent, even, never confers jurisdiction in such case. Besides this, if Code, § 3396, is compared with the corresponding section, 3778, of the Revision, we think no other rule would carry out the intent of the change made.

The latter section only required proceedings to restrain a civil action to be brought in the county where the action or proceedings therein were pending. The Code extended this to proceedings under a judgment or final order, and requires the injunction to be brought in the county and court where the action is pending, or the judgment or order was obtained. The Emmet Circuit Court had no power to issue an injunction restraining the execution in question, nor had it the power to set aside a judgment rendered in the Palo Alto Circuit Court.

REVERSED.