Bennett v. Hanchett.

BENNETT v. HANCHETT ET AL.

1. **Injunction:** JURISDICTION : PRACTICE. To restrain the enforcement of a judgment by execution and proceedings thereunder, the remedy by injunction must be pursued in the county where the judgment was rendered under which the execution issued.

*Appeal from Bremer District Court.*

THURSDAY, JUNE 13.

THE petition of plaintiff in substance alleges that at the June Term, 1858, of the Mitchell District Court, the defendant, G. B. Mayfield, recovered judgment against plaintiff, a non-resident, through service by publication and attachment of certain property, for nine hundred and twenty-nine dollars and sixty-three cents and costs, with an order for special execution against the attached property; that in procuring the entry of judgment in said action the plaintiff therein, defendant in this action, through fraud or mistake, procured a recital to be made in the record of judgment showing only that service of notice had been made, without showing whether such service was personal or by publication, and procured a judgment to be entered without any showing as to whether it was on personal service of notice or otherwise; that the defendant has procured a general execution to be issued upon the judgment aforesaid, directed to the sheriff of Bremer county, and the defendant Hanchett, sheriff of said county, has levied upon personal property of the plaintiff situated in Bremer county, upon which the writ of attachment was never levied, and which was not in existence at the date of said judgment, and has advertised the same for sale thereunder. The plaintiff prays that all further proceedings under the execution may be enjoined. The defendants demurred to the petition upon the following grounds:

"1.   The petition does not show that plaintiff has no speedy and adequate remedy at law, but does show upon its face that plaintiff has a speedy and adequate remedy at law.

"2.   The court has no jurisdiction of the subject-matter of said action."

Before argument of the demurrer plaintiff moved the court for an order transferring the cause to Mitchell county for trial, which motion the court denied.   The court sustained the demurrer, and dismissed plaintiff's petition at his cost. The plaintiff appeals.

*Boies & Couch,* for appellant.

*Grey, Dougherty & Gibson,* for appellee.

DAY, J.—I.   This is an action brought in the Bremer District Court to enjoin proceedings under an execution issued upon a judgment rendered in the Mitchell District Court.   The case of *Lockwood v. Kitteringham,* 42 Iowa, 257, is, in principle, decisive of this case, notwithstanding the fact that the execution sought to be enjoined in that case was a special one.   This case does not fall within the exception alluded to in *Lockwood v. Kitteringham,* where it is sought to enjoin a sale of property under general execution, upon the ground that the property does not belong to the defendant in execution.   See, also, *Anderson v. Hall,* 48 Iowa, 346.   The court did not err in sustaining the demurrer.

1. INJUNCTION: jurisdiction: practice.

II.   Appellant assigns as error the ruling of the court in refusing to transfer the cause to Mitchell county for trial. This assignment of error is not argued, and hence, under repeated decisions of this court, it is to be regarded as waived. This case has, perhaps, ceased to possess any practical importance to the parties, inasmuch as this court has held that the general execution herein was not authorized by the judgment, and should be recalled.   See *Mayfield v. Bennett,* 48 Iowa, 194.

AFFIRMED.