## MERRILL v. BOWE ET AL.

1. **Judgment:** ACTION TO SET ASIDE BY ONE BOUND TO INDEMNIFY THE JUDGMENT DEFENDANT: COLLUSION: NOTICE. Plaintiff, believing that defendant B. had no valid claim against defendant G., growing out of a transaction in which they were all interested, agreed to indemnify G. against any judgment which B, might recover against him. Afterwards B. brought his action against G. and obtained judgment by default. G. hastily paid the judgment and threatened to sue plaintiff on his contract. Plaintiff in this action seeks to set aside the judgment on the ground of collusion between B. and G. But it appears that G. notified plaintiff of the pendency of the action, and that he had a right, under his contract of indemnity, to appear and defend thereto, but that, when he received the notice, he had forgotten about this provision in the contract, and so made no defense. The circuit court granted the relief asked by plaintiff, and B. alone appealed. *Held* that as against B. the decree contravened well-recognized principles relating to the conclusiveness of judgments. and that it must be reversed.

### *Appeal from Polk Circuit Court.*

### MONDAY, DECEMBER 14.

ACTION in equity to set aside a judgment obtained by the defendant William H. Bowe against the defendant L. H. Gibbs. There was a decree for the plaintiff. The defendant Bowe appeals.

*Parsons, Perry & Sherman*, for appellant.

*Wright, Cummins & Wright*, for appellee.

ADAMS, J.—The defendant Bowe demurred to the plaintiff's petition, and the demurrer was overruled. He elected to stand upon his demurrer, and decree was rendered against him. The question presented is as to the correctness of the court's order overruling Bowe's demurrer. The petition is a very long one, and we cannot properly set it out in full. The essential facts, as shown by the petition, are as follows: The

judgment in question was rendered, in Bowe's favor against Gibbs, for commissions alleged to be due from Gibbs for services in making a sale of certain real estate belonging to Gibbs. The plaintiff feels aggrieved by the judgment, because he had entered into a written contract with Gibbs that he would pay any judgment which Bowe might obtain against him for commissions in the matter of the sale. The plaintiff was himself the purchaser of the property, though in trust, as he alleges, for another party; and as a part of the consideration of the purchase he gave Gibbs the contract above referred to. Bowe had taken some part in the negotiations which resulted in the sale, but under such circumstances that he was not entitled to commissions, and, in giving the contract to Gibbs, the plaintiff believed that no judgment could be obtained by Bowe which it would become incumbent upon him to pay. But, the contract having been executed, Bowe and Gibbs, it is alleged, fraudulently colluded together to wrong the plaintiff; Bowe and Gibbs both knowing that there was really nothing due Bowe for commissions. Bowe brought his action against Gibbs, and Gibbs suffered judgment to be taken by default, and afterwards hastily paid it, and commenced threatening to sue the plaintiff on his contract of indemnity for the amount thereof. It is alleged that after default was taken, and before judgment was rendered, the plaintiff applied to Gibbs to allow him to file a motion in his name, but Gibbs refused him such privilege. In the contract the plaintiff had agreed to defend against any action that might be brought by Bowe, and he was notified of the action by Gibbs; but he was not expressly requested by Gibbs to defend, and had forgotten about his contract, and so did not give the case any attention until default had been taken. As to whether the plaintiff was guilty of negligence in not appearing and defending, the averments in the petition leave our minds in some doubt, but the question is one which it is not important to determine.

The controversy upon this appeal is solely between the

plaintiff and Bowe. The court set aside the judgment, and Gibbs does not complain, notwithstanding he had paid the judgment, and probably, in an action against the plaintiff upon his contract of indemnity, would have claimed the right to use the judgment as conclusive evidence of the amount which he was entitled to recover. It is Bowe who claims to be aggrieved by the action of the court, and the question is whether, taking all the allegations of the petition which are well pleaded to be true, Bowe was rightfully deprived of his judgment. To determine this we have to look carefully to the allegations made against Bowe. It is of no consequence to consider what Gibbs did, or omitted to do, except so far as Bowe was a party to his acts or omissions. It is very evident that if Gibbs had been guilty of fraud in this matter, as the plaintiff claims, he could not be allowed to make the judgment a basis of recovery in any action which he might bring against the plaintiff. But the fact that Gibbs might not be able thus to use the judgment would not necessarily show that Bowe had no right to enforce it against Gibbs.

We come, then, to consider as to what constitutes Bowe's offense in this matter, so far as the petition shows. It is sufficiently shown that Bowe knew, or should have known, that he had no valid claim for commissions, and brought his action, not only with such knowledge, but also with the knowledge that Gibbs held a contract of indemnity executed to him by the plaintiff. This is all that we can discover. The averment that Bowe fraudulently colluded with Gibbs is an averment of the conclusion which the plaintiff claims should be drawn from the facts, and is proper to be considered only as such.

Where a person brings an action upon a claim which he knows is invalid, and obtains a judgment by reason of the testimony of mistaken witnesses, or by reason of a mistaken view of the law on the part of the court, he is, without question, guilty of a great moral wrong, and not a word of

extenuation is to be said in its behalf.    But the policy of the law is such that the judgment defendant is not allowed, under ordinary circumstances, to claim the right to have the judgment set aside upon such ground.    Probably in many, if not a majority, of litigated cases where judgment is rendered against the defendant, he believes, not only that the plaintiff's claim is invalid, but that the plaintiff knew it to be invalid.    But where the defendant has been duly served with personal notice, and nothing has occurred to prevent him from defending, he cannot be relieved from the judgment by a court of equity, unless the plaintiff was guilty of the fraudulent concealment of a material fact of which the defendant was excusably ignorant, or unless the judgment was obtained by a resort to some fraudulent practice in the conduct of the case.    So far, we presume, that there is no controversy.    If a judgment defendant could be allowed to apply to a court of equity to set aside the judgment upon the mere averment that the judgment plaintiff had knowledge that the claim was invalid, there would be no end of litigation.

While the case before us is not this, we have taken some pains to state the rule as between a judgment plaintiff and defendant, because we think that it has an important bearing. In the case before us it is not the judgment defendant who is complaining, but a person who had given him a contract of indemnity; and we have to determine whether this person can have relief against the judgment upon an averment that the judgment plaintiff had knowledge of the invalidity of his claim.    It is shown that Bowe had knowledge of the contract given to Gibbs by Merrill.    Now, if Bowe had agreed with Gibbs that notice of the action should not be given to Merrill, and notice had not been given, and Bowe had prosecuted his claim to judgment knowing that it was not a just claim, we are not prepared to say that his action might not have been deemed fraudulent as against Merrill; for, while we do not think that the judgment in such case would be conclusive as against Merrill, yet the judgment and con-

tract together would hang over him and his estate as a kind of menace. But Bowe not only did not make such agreement with Gibbs, but notice of the action was in fact given to Merrill. From that time Merrill must be deemed to have had an opportunity to defend, at least in such sense that Bowe's prosecution of his claim in the manner in which he did was not fraudulent as against him. It is true, Merrill says that he forgot that he had given a contract of indemnity, and also that the conversation between him and Gibbs was such that he supposed that defense would be made by Gibbs; but we can see nothing in these matters upon which Merrill can rely as against Bowe.

It may be that these matters may properly enough be urged by Merrill against the conclusiveness of the judgment if Gibbs should set it up in an action against him. But, however this may be, we think that Merrill's rights against Bowe are the same as they would have been if, when notified of the action, he had appeared and made defense, unless his failure to make defense was brought about by something for which Bowe was responsible; and we have to say that we have searched the petition in vain for the averment of any fact which so shows. We do not see, therefore, how a court of equity can set aside Bowe's judgment without contravening well-recognized principles of law. The decree, therefore, of the circuit court must be

REVERSED.