HAWKEYE INSURANCE COMPANY, Appellee, v. D. P. HUSTON *et al.*, Appellants.

115   621
121    16
e121   17
e121   18

115   621
126  320

115   621
132  500

115   621
f143  264

**Appeal:** ABSTRACTS: *Showing judgment rendered.* Where the abstract on appeal discloses the findings of the trial court in full, and it is stated in substance, that judgment was duly entered in accordance therewith, and such statement is not denied, the abstract is sufficient as against the objection that there is no showing of a judgment from which an appeal can be taken.

**Injunction to Restrain Judgments:** *Jurisdiction.* Under Code, section 4364, providing that when proceedings on a judgment are sought to be enjoined the suit must be brought in the same county and court in which the judgment was obtained, the district court of one county has no jurisdiction of an action to restrain the execution of a judgment entered in the district court of another county—*overruling*, Arnold v. Hawley, 67 Iowa, 313.

*Same.* Where an action to restrain the execution of a judgment, which by the express provisions of Code, section 4364, must be brought in the county and court in which the judgment was obtained, is commenced in another court, such court cannot order a change of venue to the proper county, as provided in section 3504, where an action is commenced in the wrong county, or even by consent make any order save of dismissal at plaintiff's costs.

*Appeal from Polk District Court.*—HON. CHAS. A. BISHOP, Judge.

SATURDAY, FEBRUARY 8, 1902.

ACTION in equity asking the cancellation of an alleged void judgment rendered in the district court of Jones county, Iowa, and to enjoin execution thereon.—*Reversed.*

*Milton Remley* and *I. M. Earle* for appellants.

*Read & Read* and *J. B. Johnson* for .appellee.

WEAVER, J.—On February 22, 1894, the defendant D. P. Huston, being the holder of a policy of insurance in the defendant company, filed his petition in the district court of Jones county, alleging a loss under said policy, and asking a recovery thereon. The policy had been issued through the agency of one W. H. Gordon, at Olin, in Jones county; but, Gordon having died before the alleged loss, service of the original notice upon the insurance company was had or attempted by serving the same upon one Rhodes, who was its agent at Anamosa, in the same county. The company and its officers undoubtedly had actual knowledge of the pendency of the action and of the proceedings therein, but, believing the service ineffectual, did not appear thereto, and in September, 1894, default and judgment were entered for the amount of Huston's claim. In July, 1896, Huston assigned the judgment to the defendant Johnson, who caused the execution to be issued thereon and placed in the hands of the sheriff of Polk county for collection. Soon thereafter the company instituted this action to enjoin the execution and cancel the judgment as having been rendered without jurisdiction. Before notice of such action was served, the assignees of the judgment filed a motion or application in the original pro-

ceeding in Jones county to confirm said judgment and declare the same valid, and notice thereof was duly served upon the company, which again refused to appear, or in any manner recognize the jurisdiction of the court of that county. On December 8, 1896, the district court of Jones county, acting upon the motion or application above mentioned, entered an order or judgment reciting the entry of the judgment theretofore rendered against the company, and declaring the same "approved, affirmed, and a valid subsisting judgment against said defendant." These facts are conceded, or, if not conceded, are clearly established by the evidence. From this basis therefore, we proceed to consider the questions discussed by counsel so far as necessary to a determination of the appeal.

I. We first notice the contention of the appellee that there is no showing of any judgment in the court below from which an appeal can be taken. An examination of the abstracts filed discloses the findings of the trial court in full, and it is further stated, in substance, that judgment was duly entered in accordance therewith. This statement being undenied, it was unnecessary to set out the record entry in *haec verba*. We think the abstract sufficient.

II. The appellants challenge the jurisdiction of the district court of Polk county to entertain an action to enjoin and cancel a judgment rendered in the district court of Jones county. As this objection, if well founded, renders the discussion of other propositions entirely futile, it demands our careful consideration. By the Revision of 1860, it was provided: "Sec. 3778. When proceedings in a civil action are sought to be enjoined, the suit must be brought in the county where such proceedings are pending." When carried into the Code of 1873, this section was amended to read as follows: "Sec. 3396. When proceedings in a civil action, *or on a judgment or final order*, are sought to be enjoined, the suit must be brought in

the same county *and court* in which such action is pending
*or the judgment or order was obtained."* (The italics in-
dicate the words added 'to the original section). In the
Code of 1897 this provision was readopted without change
of language. See section 4364. The meaning of this stat-
ute does not seem to be obscure, but the adjudicated cases
more or less directly involving its interpretation and appli-
cation are by no means harmonious. It will be observed
that prior to the Code of 1873, the law required one who
sought to enjoin proceedings in a civil action to seek his rem-
edy in the county where such action was "pending." This
left it in doubt whether, after judgment or final order had
been entered, the action was still to be considered as "pend-
ing," within the meaning of the statute. That doubt was re-
moved by the Code of 1873, as we have above noted, and
thereafter an injunction to restrain proceedings upon a
judgment was required to be brought not only in the same
county, but in the same court "in which the judgment was
obtained." Prior to 1873, this court in several cases held
that the enforcement of a void judgment rendered in an
action at law would be enjoined, and the judgment canceled
by suit in equity. *Bonsall v. Isett,* 14 Iowa, 309; *Givens
v. Campbell,* 20 Iowa, 79; *Newcomb v. Dewey,* 27 Iowa,
381; *Connell v. Stelson,* 33 Iowa, 147. But in every case
of the kind, so far as we have observed, the proceeding to
enjoin or to cancel was begun in the same county where the
judgment complained of was rendered. After the amend-
ment of 1873, the first case of this character decided ap-
pears to have been *Lockwood v. Kitteringham,* 42 Iowa 257.
The plaintiff there began her action in equity in the district
court of Harrison county, alleging that the defendant had
procured a pretended judgment against her in the circuit
court of the same county, that such judgment was absolute-
ly void for want of jurisdiction, and asking to enjoin exe-
cution therein. The district court having denied the relief
prayed, this court affirmed its ruling, citing said section,

and holding that the circuit court where the judgment was rendered had exclusive jurisdiction to entertain injunction proceedings. Next in order is *Anderson v. Hall*, 48 Iowa, 346, a case which is in all essential respects like the one at bar. A judgment had been rendered in Palo Alto county, and transcript and execution issued thereon where sent into Emmett county for collection. The judgment defendant, a resident of Emmett county, sued out an injunction there, alleging that the judgment was absolutely void for want of jurisdiction, and the lower court granted the relief prayed. On appeal to this court that order was reversed. In delivering the opinion of the court, Seevers, J., cites the statute and the *Lockwood Case* as decisive of the question; saying: "The circuit court of Emmett county had no jurisdiction of the subject-matter, and consent, even, never confers jurisdiction in such case. Besides this, if Code 1873, section 3396, is compared with the corresponding section of the revision (3778), we think no other rule would carry out the intent of the change made. The latter section only required proceedings to restrain a civil action to be brought in the county where the action or proceedings were pending. The Code extended this to proceedings under a judgment or final order, and requires the injunction to be brought in the county and court where the action is pending or the order or judgment was obtained. The Emmett circuit court had no power to issue an injunction restraining the execution in question, nor had it power to set aside a judgment rendered in the Palo Alto circuit court." These authorities would seem to be decisive against the position of the appellee, unless it be found that the decisions cited have since been overruled, or we be now convinced that they are wrong in principle, and should be no longer followed. Proceeding, then, with our investigation, we next find the same subject treated in *Bennett v. Hanchett*, 49 Iowa, 71. Here the plaintiff, by suit in the Bremer county district court,

sought to enjoin an execution issued from the Mitchell county district court, and sent into the former county for collection. Day, J., pronouncing the decision of this court, cites both the *Lockwood* and *Anderson Cases,* and says the district court "did not err in sustaining the demurrer to the petition." Again in *Grattan v. Matteson,* 51 Iowa, 622, we have a case where suit was brought in the district court to enjoin execution upon an alleged fraudulent and void judgment rendered in the circuit court of the same county, and on appeal to this court we held the district court to be without jurisdiction to entertain the action, and once more expressly approved and followed the *Anderson Case* in its interpretation of section 3396 of the Code of 1873. This authority also meets and disposes of the point made by appellee herein that, where the judgment is absolutely void, it is no judgment and therefore does not come within either the letter or the spirit of the statute restricting injunction proceedings to the county and court where the so-called judgment was obtained. The court says: "It is claimed that section 3396 is not applicable, because it is alleged the judgment in question is void, and hence no judgment. But it can be determined that the judgment is void only by judicial investigation. In form there is a judgment in the Winneshiek circuit court against John and Alexander Laurence, which is a lien upon the property in controversy. In *Anderson v. Hall,* 48 Iowa, 346, this section was applied to a proceeding to enjoin an execution upon a judgment alleged to be void. That case is decisive of this." *State Insurance Co. v. Granger,* 62 Iowa, 273, was an action to enjoin and cancel a void judgment, and was brought in the county and court where the judgment sought to be voided was rendered. In *Arnold v. Hawley,* 67 Iowa, 313, we find a holding which is wholly at variance with the interpretation placed by preceding cases upon the statute above quoted. The plaintiff there began his action in the district court of Webster county to enjoin an alleged void judgment rendered in

the circuit court of the same county, and this court then up-
held the writ, saying, the judgment being absolutely void,
"the plaintiff therefore, we think, may proceed in any court
of equitable jurisdiction, and have such judgment set a-
side." In reaching the conclusion so announced the writer
of that opinion makes no reference whatever to section 3396
of the Code of 1873, or to any of the cases decided there-
under. This decision is so opposed to those we have above
cited, and especially to the cases of *Lockwood v. Kittering-
ham* and *Grattan v. Matteson,* which were precisely in point,
that we are forced to conclude that those precedents as well
as the statute wholly escaped the attention of the court.
Surely, had there been any intention to reverse the position
of the court in the preceding cases, and overrule its repeated
holdings, some express statement or reference would have
been made to that effect. That this explanation is correct is
supported by the fact that at the next term of the court the
writer of the former opinion, in discussing the case of
*Baker v. Ryan,* 67 Iowa, 710 says: "It is true that, where
the object of an action is to declare a judgment or final or-
der invalid, the action must be brought in the court in which
the judgment or order was obtained. It has been so held,"
—referring expressly to the *Cases of Lockwood, Anderson,
Bennett, Grattan,* none of which were authorities if the *Ar-
nold Case* is to stand as a correct exposition of the law.

The cases since decided to which our attention has
been called are: *Phelan v. Johnson,* 80 Iowa, 731; *State
Insurance Co. v. Waterhouse,* 78 Iowa, 674; *Iowa Union
Telephone Co. v. Boylan,* 86 Iowa, 90; *Henkle v. Holmes,*
97 Iowa, 695; *Oberholtzer v. Hazen,* 101 Iowa, 340; *Leo-
nard v. Insurance Co.,* 101 Iowa, 482; *Dady v. Brown,* 76
Iowa, 528; *Gerrish v. Hunt,* 66 Iowa, 682. In none of the
above cases was there any attempt to bring the injunction
proceedings in a county other than the one where the judg-
ment was obtained, except in *Phelan v. Johnson* and *Ober-
holtzer v. Hazen,* in both of which there was an attempt to

enjoin a judgment of this court, and the right to such writ
was denied under section 3396 of the Code of 1873. In
*Iowa Union Telephone Co. v. Boylan* and *Dady v. Brown*
void judgments by justices of the peace were enjoined. In
*State Insurance Co. v. Waterhouse.* and *Henkle v. Holmes*
and *Gerrish v. Hunt* the injunction was sought in the same
court which rendered the judgment, while *Leonard v. Insur-
ance Co.* was an action at law to recover attorney's fees,
and the matter of equitable jurisdiction to enjoin void judg-
ments is mentioned in a collateral way only. In none of
these cases except the two where judgments of this court
were attacked was section 3396 of the Code of 1873 or the
corresponding section 4364 of the present Code cited or re-
ferred to; nor, indeed, was there occasion for such refer-
ence. In none of them was jurisdiction assumed under
circumstances corresponding in kind or substance with those
under which the appellee in this case seeks by action in Polk
county to impeach a judgment rendered in Jones county.
In most of them the general doctrine is affirmed that equity
will interfere to enjoin and cancel a void judgment at law,
—a doctrine which no lawyer will controvert,—but the
question as to the local jurisdiction in which such equitable
relief must be sought is neither decided nor discussed in any
of them. Of *State Insurance Co. v. Waterhouse,* above men-
tioned, it should be said that the judgment which was there
in controversy had been rendered under circumstances sub-
stantially parallel with the judgment sought to be enjoined
in the present case, but the action to vacate was brought
in the same county and court where it was obtained, and
was therefore in strict accord with the statute. The fact
that the judgment had been transcribed to the district court
had no effect to make it any less the adjudication of the su-
perior court of Keokuk, which rendered it (*Neeters v. Clem-
ents,* 12 Bush, 359), and the superior court was still the
only tribunal in which the execution could be enjoined. The
citation there made of the case of *Arnold v. Hawley* as au-

thority for the rule than an action in equity to cancel a void
judgment may be brought "in any court having jurisdic-
tion of such matters" involved a proposition not necessarily
presented by the appeal, and cannot, therefore, be regarded
as of controlling authority. It will thus be seen that among
all the cases reaching this court since the Code of 1873
took effect five only have presented the precise question here
involved,—whether one court of record may rightfully en-
tertain proceedings to enjoin and set aside the judgment of
another court of co-ordinate powers. In four of these
precedents it is held in unequivocal terms that the statute
prohibits the exercise of such jurisdiction, while the single
exception (*Arnold v. Hawley*) makes no reference to the
statute, and evidently overlooks it.

The rule adopted in the majority of the cases cited re-
ceives strong support from other states. In Kentucky, un-
der a statute substantially like our own, the court says:
"When the plaintiff seeks to stay proceedings upon a judg-
ment, whether void or erroneous, he must institute his action
in the court which rendered it." *Jacobson v. Wernert*, 19
Ky. Law 622, (41 S. W. Rep. 281); *McConnell v. Raive*, 8
Ky. Law, 343, (1 S. W. Rep. 582). In Missouri, under a
similar provision, it is held that an execution issued upon
a judgment cannot be enjoined in any county except that in
which the judgment was obtained. In an appeal like the
one at bar it is said: "The circumstance that the process
was in the hands of the sheriff of St. Louis county gave the
circuit court of that county no control of the writ by in-
junction or otherwise. As to that process the sheriff of St.
Louis county was an officer of the circuit court of St.
Charles county, it emanating from that court. One court
cannot interfere with the process of another. The applica-
tion for relief should have been made to the circuit court
of St. Charles county." *Pettus v. Elgin*, 11 Mo. 411.
What has thus been held upon strength of local statutes is
also adhered to by many eminent courts upon principles of

equity and sound public policy. *Stein v. Benedict,* 83 Wis. 610, (53 N. W. Rep. 891); *Orient Insurance Co. v. Sloan,* 70 Wis. 611, (36 N. W. Rep. 388); *Cardinal v. Lumber Co.,* 75 Wis. 405, (44 N. W. Rep. 761); *Endter v. Lennon,* 46 Wis. 299, (50 N. W. Rep. 194); *Anthony v. Dunlap,* 8 Cal. 26; *Rickett v. Johnson,* 8 Cal. 34; *Chipman v. Hibbard,* Id. 268; *Uhlfelder v. Levy,* 9 Cal. 614; *Bennett v. Le Roy,* 5 Abb. Prac. 57; *Grant v. Quick,* 5 Sandf. 612; *Indiana & Illinois Co. v. Williams,* 22 Ind. 198. When the administration of law and equity was vested in separate tribunals, a judgment at law could not be enjoined in the court where it was obtained; but when the trial court became clothed with both jurisdictions the necessity of seeking relief elsewhere, and thus arraying one trial court against another, no longer existed. It is upon this ground very largely, that the decisions last above cited are based. In *Bennett v. Le Roy, supra,* it is said: "Under the existing constitution and judiciary system courts of record are competent to grant to a plaintiff or defendant any relief, either legal or equitable, to which the facts proved entitle him. There is therefore no occasion now for one court, even if it had the power, to enjoin proceedings in another court of co-ordinate jurisdiction." To the same point the Indiana court in *Railroad Co. v. Williams,* supra, says: "Nor does it seem consistent with any correct rule of procedure that a party who has instituted an action, recovered a judgment, and obtained final process in one court should be compelled to litigate matters connected therewith before a different tribunal." In *Cardinal v. Lumber Co.* the Wisconsin court says: "One circuit court in this state will not restrain the enforcement of a judgment, whether for legal or equitable relief, rendered in another circuit court. This is on the theory that each court must be allowed to control its own process. In fact, one circuit court has no jurisdiction to open, review, set aside, or reverse the judgment of another circuit."

Further citation of authorities is unnecessary. The statute is clear and imperative in its terms. That it is to be interpreted according to the plain meaning of the language employed, this court has repeatedly decided, and those decisions are sustained by respectable precedent in other states, and rest upon sound principles. To announce the rule that a judgment rendered in the district court of one county may be reviewed and declared void by the district court of any or all of the other 98 counties of the state into which an execution may be sent for collection would open the door to inextricable confusion and hardship. To this same point the distinguished jurist Judge Cooley, of Michigan, has said: "It is a familiar principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws, and, while its observance might be required on grounds of judicial comity and courtesy, it does not rest upon such consideration exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what it thus begun may be reciprocated indefinitely." *Maclean v. Judge,* 52 Mich. 257, (18 N. W. Rep. 396). The eminent justice of these observations will be apparent to every thoughtful mind, and commend to the impartial judgment the necessity and the wisdom of the statute which gives to each trial court the exclusive control of its own records and of its own process. Entertaining, as we do, the views above expressed, we are required to hold that the district court of Polk county has no jurisdiction to review a judgment of the district court of Jones county, or to enjoin the enforcement thereof; and that *Arnold v. Hawley, supra,* so far as it is inconsistent with this conclusion, must be regarded as overruled.

II.   Appellee suggests that, even if the court of Polk county was not the proper tribunal in which to try the case, the appellants should have moved to have it sent to Jones county for trial, and, having failed to do so, must be held to have waived the error.   This argument overlooks the fact that appellants' objection is based upon the proposition that the court of Polk county has no jurisdiction of the subject-matter, and that such objection is not waived, even by express consent.   This has been expressly ruled in *Anderson v. Hall,*  48 Iowa, 346, from which we have already quoted.   The statute providing for a change of place of trial (Code, section 3504) has no proper application to a case of this kind, for the court, being without jurisdiction, is without power to enter any order or judgment save to dismiss the proceeding at the plaintiff's cost.

The judgment of the district court is REVERSED.