W. M. BRUNK, v. MOULTON BANK AND GEO. W. MATTERN, Sheriff of Polk County, Iowa, Appellants; M. V. BRUNK, Intervener.

Injunction:   JUSTICE'S JUDGMENT:   WHERE ENFORCEMENT MUST BE
1   RESTRAINED.   Where a transcript of a judgment of a justice of the peace has been filed in the district court of the county in which it was rendered, its enforcement can be enjoined, on the

ground that the judgment is void for want of jurisdiction, only in such county, under the provisions of Code, section 4364 and 4538.

Same: EFFECT OF BANKRUPTCY. Bankruptcy subsequent to the
2 rendition of a judgment will not operate to render an action to restrain the enforcement of the judgment maintainable in another county in which a transcript thereof has been filed.

Transcript to Another County: EFFECT OF. The filing of a trans-
3 cript of a judgment in another county from that in which it was rendered does not operate to make it a judgment of that county.

*Appeal from Polk District Court.*—Hon. C. P. Holmes,
Judge.

Friday, May 29, 1903.

Action to enjoin defendants from proceeding to the sale of certain real estate of plaintiff, situated in Polk county, under execution issued from the district court of Appanoose county on a transcript of the judgment of a justice of the peace of that county. Decree was rendered for the plaintiff, and defendants appeal.—*Reversed.*

*H. P. Powers* and *A. M. Miller* for appellants.

*S. B. Allen* for appellee.

McClain, J.—The grounds on which it was sought to enjoin the enforcement of the judgment in Polk county were, first, that the judgment was void on the ground that the justice of the peace in Appanoose county had no jurisdiction to render judgment against the defendant (plaintiff in this action), who at the time the action was brought in the justice's court was, and still is, a resident of Polk county; and, second, that since the rendition of the judgment the plaintiff in this action has been discharged in bankruptcy from liability for his debts, including this

1. JUDGMENT of a justice: where enforcement must be restrained.

judgment. We are at once confronted with the question whether such an action as this can be maintained elsewhere than in the district court of Appanoose county. A provision

of the Code relating to the subject is as follows: "Sec. 4364. When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment or order was obtained, unless such judgment or final order is obtained in the supreme court, in which case the action must be brought in the county and court from which the case was taken to the supreme court." We have recently held that the provisions of this section are applicable, even though the judgment, the enforcement of which is sought to be restrained, is absolutely void for want of jurisdiction in the court rendering it. *Hawkeye Insurance Co. v. Houston,* 115 Iowa, 621. The whole subject is so fully covered by the opinion in that case that further discussion is unnecessary, so far as the two cases are analogous. But it is contended that the reasoning in that case is not applicable, because the judgment was rendered before a justice of the peace, and not in the district court of Appanoose county, and also because the matter of discharge in bankruptcy is something arising subsequently to the rendition of the judgment, and not relating to its validity when rendered but affecting only the right to enforce it. As to the claim that the Code provision is not applicable to a judgment of a justice of the peace, it is sufficient to cite Code, section 4538, which provides that a judgment in justice's court, when a transcript thereof has been filed in the office of the clerk of the district court of the county where rendered, shall from the time of such entry be treated in all respects and in its enforcement, as a judgment obtained in the district court. Therefore an action to enjoin the enforcement of such a judgment must evidently, in accordance with the provisions of Code, section 4364, be brought in the district court where the transcript of such judgment is filed. The case of *State Insurance Co. v. Waterhouse,* 78 Iowa, 674, is cited as inconsistent with this position.

There it was held that although the transcript of a judgment of a superior court had been filed in the office of the clerk of the district court, in order to make it a lien on real estate and authorize the issuance of execution thereon which might be levied on real estate (see Code, section 273), yet an action to enjoin the enforcement of such judgment on the ground that it was void could be maintained in the superior court in which the judgment was originally rendered.  As has been explained in *Hawkeye Insurance Co. v. Houston, supra,* that case does not hold that an action to enjoin the enforcement of a judgment of a superior court can, after the transcript thereof has been filed in the district court, be maintained in the district court of another county in the state, and therefore the case gives no support to the contention of appellee in the present case.  A reasonable interpretation of the provisions of the Code on the subject requires us to hold that, where a transcript of the judgment of a justice's court is filed in the office of the clerk of the district court of the county where the judgment is rendered, an action to enjoin the proceedings thereunder on the ground that the justice's judgment is void because rendered without jurisdiction must be brought in the district court in which the transcript of the justice's judgment is filed.

It is further urged for appellee that, even though the original invalidity of the judgment in Appanoose county cannot be made the ground of restraining its enforcement

2. SAME: effect of bankruptcy.

by action brought in Polk county, nevertheless such action may be maintained on the ground that the enforcement of the judgment is now precluded by a discharge in bankruptcy subsequent to the rendition of such judgment; the argument being that, although the judgment itself may not be attacked, matter of satisfaction or discharge may be shown in a suit in Polk county.  The question seems not to have been directly

passed upon by this court. But the language of the statute is significant. The provision is that, when it is sought to enjoin proceedings on a judgment, the suit must be in the same county and court in which such judgment was obtained. The object seems to have been not merely to prevent one court of this state from passing upon the validity of the action of another of co-ordinate jurisdiction, but to prevent one such court from interfering in any way with the process of another. This view is suggested in *Hawkeye Insurance Co. v. Huston, supra,* where authorities from other states are cited in its support. That such a view is in accordance with sound public policy is very evident. It would be contrary to public policy to let the district court in each county to which process may issue on a judgment in the district court of Appanoose county decide whether or not such judgment has been satisfied or discharged by reason of some act subsequent to the rendition of the judgment. One district court might reach one conclusion on that question, and another a different conclusion; and it would plainly be beyond the jurisdiction of any district court in the state, other than that of Appanoose county, to order the satisfaction and cancellation of record of the judgment on account of matter subsequent to its rendition. The policy evidenced by the statute plainly requires that these matters be determined by the very court in which the judgment stands, and from which process to enforce it may alone be issued.

It is to be borne in mind that, although for the purpose of making the judgment a lien in another county a transcript may be filed in the office of the clerk of the district court for such other county (Code, sections 3802, 3803), yet execution on the judgment can only issue from the county where it was originally rendered (Code, section 3958). The filing of the transcript in another county does not in any

3. TRANSCRIPT to another county; effect of.

sense make the judgment a judgment in the county where such transcript is filed. *Seaton v. Hamilton,* 10 Iowa, 394; *Furman v. Dewell,* 35 Iowa, 170; *Hawkeye Insurance Co. v. Luckow,* 76 Iowa, 21.

We reach the conclusion that the district court of Polk county had no jurisdiction to entertain this action, and, as the objection was properly raised in that court, the decree therein against defendants must be REVERSED.

BISHOP C. J., takes no part.