M. ULBER, Appellant, v. J. J. DUNN, Sheriff, L. E. SUTTON and J. L. SUTTON.

**Judgments:** FRAUD: EQUITABLE RELIEF. Fraud in procuring the signature of a party to an instrument on which a judgment against him is based is a matter of defense to that action, and in the absence of proof that he was prevented by plaintiff from making the defense, it can not be urged in an equitable action to restrain enforcement of the judgment.

**Justice of the peace:** ORIGINAL NOTICE: MISDESCRIPTION OF TOWNSHIP. Misdescription in the original notice of the township of a justice before whom an action is pending is not material, where the justice was in fact a justice of the peace of the county named, and the defendant could not have been misled thereby as to the place at which he was to appear.

**Judgments:** EQUITABLE RELIEF: JURISDICTION. Where a transcript of the judgment of a justice has been filed in the district court of that county it becomes a judgment of that court, and an action to enjoin its enforcement must be brought in that county and court; and the district court of another county is without jurisdiction of the action, no ground for attacking the judgment other than might have been interposed in defense of the original action being alleged.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

TUESDAY, JANUARY 26, 1909.

REHEARING DENIED FRIDAY, JULY 2, 1909.

ACTION to enjoin the enforcement in Dubuque County of a judgment rendered by a justice of the peace in Kossuth County, transcript of the record of which had been duly filed in the office of the clerk of the district court in that county, and on which the execution, enforcement of which in Dubuque County was sought to be enjoined,

was issued.   There was a judgment for defendants on re-
fusal of plaintiff to plead over after his petition had been
held insufficient on demurrer, and he appeals.—*Affirmed.*

*Wells Rupert,* for appellant.

*E. V. Swetting,* for appellees.

McCLAIN, J.—In August, 1902, the defendant J. L.
Sutton, claiming to be a resident of Kossuth County,
through his agent, secured the signature of plaintiff to a
written contract for the purchase of certain live stock reme-
dies, and appointing plaintiff his agent for the sale of such
remedies in the township of Dubuque, in Dubuque County.
Except as to the quantities of the various remedies pur-
chased, the contract seems to be identical with that set
to in the opinion in the case of *Sutton v. Weber,* 127
Iowa, 361, and it is not necessary to further indicate its
character than to say that the payment called for therein
was to be made by plaintiff to said Sutton at Algona, in
Kossuth County, and that the amount to be paid was
$83.60, payable at the expiration of sixty days from the
date of the contract.   After the expiration of the time for
payment suit was brought for the sum specified by de-
fendant L. E. Sutton, as assignee of the contract, before
a justice of the peace in Algona township, in Kossuth
County, notice of such suit being served upon plaintiff in
Dubuque County.   On failure of plaintiff to appear in
this suit judgment was rendered against him by default,
and a transcript of the judgment was filed with the clerk
of the district court in Kossuth County, and an execution
issued thereon, which was placed in the hands of defend-
ant Dunn, as sheriff, for levy upon the property of plain-
tiff in Dubuque County.   The foregoing facts are recited
in plaintiff's petition, in which it is further alleged that
there was a fraudulent plan or scheme on the part of de-

fendant J. L. Sutton and others to secure the signatures of various persons to instruments such as the one signed by plaintiff, and to proceed in the method of procedure which was employed as against plaintiff, depending on the unwillingness of the signers of such instruments to make defense before a justice of the peace in a county other than that of the residence of such signers, and that there were untrue and fraudulent representations made to plaintiff that no other merchant or person in the city of Dubuque was to be given the agency for the sale of the remedies enumerated in the contract, by which fraudulent representations, not complied with by defendant J. L. Sutton, plaintiff was induced to sign the contract. The relief asked was that defendant Dunn, as sheriff, be enjoined from attempting to enforce or collect the judgment referred to as against any property of plaintiff in any county of the state outside of Kossuth County. The defendants separately demurred to the petition on the grounds, variously stated, that the court was without jurisdiction, and that the allegations of the petition did not entitle the plaintiff to the relief demanded.

If there was any fraud in procuring plaintiff's signature to the written contract, it was such fraud as might have been interposed by way of defense in the action brought before the justice of the peace in Kossuth County. Plaintiff, having failed to interpose in that suit a defense which was available to him, if he had any defense to the enforcement of the contract, can not have relief in equity as against the enforcement of the judgment. It is provided by statute "that judgments obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered." Code, section 3440. This provision properly restricts the grounds for attacking a judg-

1. JUDGMENTS: fraud: equitable relief.

ment in equity on account of fraud, for an equitable defense may be interposed in an action at law (Code, section 3566), and a defendant should not be allowed to attack a judgment on account of a defense to the cause of action which might have been interposed in the action in which the judgment has been recovered. *Merrill v. Bowe,* 67 Iowa, 636; *Fulliam v. Drake,* 105 Iowa, 515; *Hanson v. Manley,* 72 Iowa, 48; *Case v. Hicks,* 76 Iowa, 36. No fraud is alleged as having prevented this plaintiff from making any defense he may have had before the justice's court in which he was sued in Kossuth County, and, having neglected to make any defense in that court, he can not now urge as a ground for enjoining the judgment any such defense thereto as he might have urged had he seen fit in the justice's court. *Doyle v. Reilly,* 18 Iowa, 108; *Dalter v. Laue,* 13 Iowa, 538; *Tredway v. Sioux City & P. R. Co.,* 39 Iowa, 663; *Warthen v. Himstreet,* 112 Iowa, 605.

The notice, which was served upon this plaintiff in Dubuque County of the action before the justice of the peace in Kossuth County, required that this plaintiff appear and defend before the justice named, describing him as a justice of the peace in and for "Algona City Township," and plaintiff alleges in his petition that there is no such township in Kossuth County as "Algona City Township." But it is not denied that the justice named was a justice of the peace in and for Kossuth County, and the recital of the name of the township is immaterial. *Johnson v. Dodge,* 19 Iowa, 106. The justice appears to have been in fact a justice of the peace in and for Algona township, and the misdescription of the township could not have misled the plaintiff as to the place where he was required to appear and defend. At any rate, he alleges no attempt to appear or make defense; and, as the justice of the peace in the township may entertain jurisdiction of a

*2. JUSTICE OF THE PEACE: original notice: misdescription of township.*

suit on a written contract stipulating for payment at a place within such township, although the defendant is a nonresident of the county (Code, section 4481), the justice of the peace rendering this judgment was not without jurisdiction.

When a transcript of the judgment rendered by the justice of the peace in Kossuth County was filed with the clerk of the district court for that county, such judgment

3. JUDGMENTS: equitable relief: jurisdiction.

became a judgment of the district court of that county (Code, section 4538), and it is provided by Code, section 4364, that proceedings to enjoin enforcement of a judgment must be brought in the county and court in which the judgment was obtained. The district court of Dubuque County was therefore without jurisdiction to entertain plaintiff's action to enjoin the enforcement in that county of a judgment apparently valid and regular in Kossuth County, where it was rendered; no ground for attacking the judgment other than that which might have been interposed as a defense to the cause of action on which the judgment was rendered being alleged. *Hawkeye Ins. Co. v. Huston,* 115 Iowa, 621; *Brunk v. Moulton Bank,* 121 Iowa, 14. The case last cited is directly in point, for it involved a proceeding in another county to enjoin the levy of an execution issued from the district court on a transcript of a judgment of a justice of the peace. It appears, therefore, not only that the fraud of which plaintiff complains might have been made a ground of defense before the justice of the peace rendering the judgment now sought to be enjoined, but also that the court in which this action was brought was without jurisdiction to determine the validity of such judgment in Kossuth County. The cases relied upon for appellant in support of the general proposition that fraud in procuring a judgment will render it void and subject to attack have no application here. The fraud alleged does not go to the jurisdiction of the

justice of the peace rendering the judgment, but to the cause of action on which the judgment was rendered, and should have been interposed as a defense to the action. And even if there was such fraud as might have been a ground for attacking the judgment after it was rendered, it was available to the plaintiff in an action brought in the county where the judgment was rendered, and is not available to him elsewhere. However potent may be the fraud complained of, it must be interposed at the proper time and in the proper court.

The demurrer to plaintiff's petition was properly sustained and the judgment against plaintiff is *affirmed*.