PETER LANG, Appellant, v. J. J. DUNN, Sheriff, and
    EDWARDS LOAN Co., Appellees, and I. X. L. REMEDY
    Co., Defendant.

Judgments: ACTION TO RESTRAIN: FRAUD. A debtor against whom
judgment was entered on default can not restrain its enforcement
on the ground that the contract upon which it was based was ob-
tained through fraud and false representations, where he was in
no manner induced to withhold his defense to the action; as these
are matters which might have been pleaded in the defense of
an action and which inhere in the judgment.

Same: VENUE. An action to restrain the enforcement of a judgment
must be brought in the county where it exists.

*Appeal from Dubuque District Court.*—HON. ROBERT
                BONSON, Judge.

            TUESDAY, JANUARY 11, 1910.

    SUIT in equity to restrain the collection of a judgment
obtained by the Edwards Loan Company, against the plain-
tiff before a justice of the peace in Hardin County, Iowa,
which judgment was thereafter transcripted to the district
court of Hardin County, Iowa. Execution issued to the
defendant Dunn, the sheriff of Dubuque County, which
said sheriff was about to levy when this action was com-
menced to restrain the levy thereof. The trial court re-
fused to issue a temporary writ, and from this denial
plaintiff appeals. Thereafter defendants filed a demurrer
to the petition, and this demurrer was sustained. From
that ruling, plaintiff also appeals.—*Affirmed.*

    *Wells Rupert,* for appellant.

*Hurd, Lenehan & Keisel* and *Lundy & Wood,* for appellees.

DEEMER, C. J.—The judgment of which plaintiff complains, and the enforcement of which he seeks to restrain, was rendered by a justice of the peace in Hardin County, Iowa, after personal service of notice upon the plaintiff in Dubuque County, being the county of his residence. Jurisdiction was conferred by a provision of the contract upon which the action was bottomed, making the place of performance Eldora, in Hardin County. It is claimed that this contract was obtained through the fraud and false representations of the agent of the defendant I. X. L. Remedy Company, with whom the contract was made. There is no claim, however, that plaintiff did not sign the contract as written and printed; nor is there any claim of alteration thereof. The fraud charged inhered in the making of the contract, and not in something which thereafter transpired. Plaintiff was duly served with an original notice of the suit brought in Hardin County; but made no defense thereto. Judgment was rendered by the justice before whom the action was commenced upon plaintiff's default, and thereafter this judgment was transcripted to the district court of Hardin County. The execution which plaintiff seeks to restrain was sued out upon the judgment of the Hardin County district court. There is no claim in the pleadings that there was any fraud in the proceedings leading up to the judgment. These all appear to be regular and in accord with statute. There is, then, no extraneous fraud in the matter. The fraud pleaded would have been a good defense for plaintiff had he appeared and pleaded the same in the action before the justice, and, as he was in no manner induced to withhold his defense, all matters inhering in the judgment itself are foreclosed by that judgment. If the contract upon which the judgment was obtained was forged or altered so that it

was not plaintiff's contract, a different rule would obtain. Or if the plaintiff had been induced by some extrinsic or collateral fraud not to make defense, or if the judgment itself had been obtained by fraud, plaintiff might attack it at any time or place.   This is what is held in the cases cited by appellant's counsel.   See *Cooley v. Barker,* 122 Iowa, 440; *Iowa Union Tel. Co. v. Boylan,* 86 Iowa, 90; *Leonard v. Ins. Co.,* 101 Iowa, 482; *Cowin v. Toole,* 31 Iowa, 513; *Hawkeye Ins. Co. v. Huston,* 115 Iowa, 621; and other like cases.   This action is clearly ruled by *Ulber v. Dunn,* 143 Iowa, 260, 119 N. W. 269, decided since the rulings complained of were made.   See, also, *Sutton v. Weber,* 127 Iowa, 361.

Even if plaintiff had a right to attack the judgment, his proceedings should have been brought in Hardin county, where the judgment was obtained and where it now exists.   See cases heretofore cited, and *Brunk v. Moulton Bank,* 121 Iowa, 14.

The trial court was right in denying the temporary writ and in sustaining the demurrer.   The judgment must therefore be, and it is, *affirmed.*