BANKERS TRUST COMPANY, Plaintiff, v. WM. W. SCOTT, Judge, Defendant.

No. 41844.

FEBRUARY· 14, 1933.

REHEARING DENIED MARCH 15, 1933.

Gamble, Read & Howland, for plaintiff.

Chester J. Eller, for defendant.

KINTZINGER, J.—The Bankers' Trust Company, plaintiff in this case, commenced two proceedings in civil action in Polk county, Iowa, against Gustav Eckhardt et al., on certain obligations of the defendants in those actions. The defendants duly appeared in said actions and filed pleadings therein. Thereafter the defendants also commenced equitable actions in Scott county, Iowa, against the plaintiffs in the actions started in Polk county, asking that the obligations sued on in Polk county be canceled, and declared null and void, and of no effect.

In the equitable actions commenced by the Eckhardts in Scott county, they filed an application or petition for an injunction to restrain the Bankers' Trust Company, its officers and agents, from proceeding with either of the actions brought by them in the district court of Polk county, during the pendency of the actions filed by the Eckhardts in Scott county. Thereupon, Bankers' Trust Company, the plaintiff in this action, filed a motion in the actions commenced in Scott county by the Eckhardts to dismiss the application for the injunction referred to.

The motion to dismiss was based on the grounds that the district court of Scott county was acting without jurisdiction, because an action for an injunction to restrain proceedings in a civil action pending in Polk county could only be commenced and prosecuted in Polk county where the actions were pending. The district court of Scott county, the Honorable Wm. W. Scott presiding, overruled and denied the motion to dismiss filed by the defendant Bankers' Trust Company in the Eckhardt cases pending in Scott county. Thereafter, the Bankers' Trust Company, plaintiffs in this case, applied for a writ of certiorari, which was duly issued out of this court.

A determination of this case depends upon the construction of section 12527, of the Code of Iowa pertaining to actions to enjoin proceedings in a civil action brought in another county.

Section 12527 of the Code provides as follows:

"12527. Restraint on proceedings or judgment—venue. When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and

court in which such action is pending or the judgment or order was obtained, unless such judgment or final order is obtained in the supreme court, in which case the action must be brought in the county and court from which the case was taken to the supreme court."

A determination of this case depends upon the construction of the words:

"When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment or order was obtained. * * *".

It will be observed that this statute relates to (1) proceedings in a civil action, or (2) proceedings on a judgment or final order. If the term "proceedings in a civil action" is not construed to mean more than "proceedings on a process or judgment" then the district court of Scott county was right, and we would need to go no further. But if the words are held to mean more than a "process," "order," or judgment of a court, then it may be that the lower court was without jurisdiction to enter the restraining order complained of.

In the following cases it has been held by our court that an action will not lie in one county to enjoin proceedings in another county and court on a judgment rendered therein, even though the plaintiff's action is based on the claim that the judgment is wholly void. Ferris v. Grimes, 204 Iowa 587, 215 N. W. 646; Hawkeye Ins. Co. v. Huston, 115 Iowa 621, 89 N. W. 29; Lockwood v. Kittering-ham, 42 Iowa 257; Anderson v. Hall et al., 48 Iowa 346; Bennett v. Hanchett, 49 Iowa 71; Grattan v. Matteson, 51 Iowa 622, 2 N. W. 432; Ulber v. Dunn, 143 Iowa 260, 119 N. W. 269; Brunk v. Moulton Bank, 121 Iowa 14, 95 N. W. 238.

In the foregoing cases the question before the court was whether or not, under section 12527, an action to restrain proceedings on a judgment could be brought in another county and court from the one in which the judgment was rendered. All of these cases seem to have been founded upon an action enjoining proceedings on a *judgment*. The restraining order in this case, however, is limited to a restraint from proceeding with the actions commenced in Polk county. There was no judgment in either of those cases.

The question in this case is based upon the construction of the words "*proceedings in a civil action*, or on a judgment or final

order." It is the contention of the respondent in this case that the term "proceedings in a civil action", as used in section 12527, refers only to proceedings on a judgment, and they attempt to substitute for the word proceedings, the word process.

Thus far it seems as though a discussion of this question by our court has been confined to cases in which it was sought to restrain "proceedings on a judgment".

The decisions upon the construction of prior statutes relating to this question seem to have been confined to the question of whether or not the old statute was broad enough to include a proceeding on a judgment, and all the above cases so hold.

In the case of Hawkeye Ins. Co. v. Huston, 115 Iowa 621, 89 N. W. 29, 30, the court says:

"The appellants challenge the jurisdiction of the district court of Polk county to entertain an action to enjoin and cancel a judgment rendered in the district court of Jones county. As this objection, if well founded, renders the discussion of other propositions entirely futile, it demands our careful consideration. By the Revision of 1860, is was provided: 'Sec. 3778. When proceedings in a civil action are sought to be enjoined, the suit must be brought in the county where such proceedings are pending.' When carried into the Code of 1873, this section was amended to read as follows: 'Sec. 3396. When proceedings in a civil action, *or on a judgment or final order*, are sought to be enjoined, the suit must be brought in the same county *and court* in which such action is pending *or the judgment or order was obtained.*' * * * In the Code of 1897 this provision was readopted without change of language. See section 4364. The meaning of this statute does not seem to be obscure, but the adjudicated cases more or less directly involving its interpretation and application are by no means harmonious. It will be observed that prior to the Code of 1873 the law required one who sought to enjoin proceedings in a civil action to seek his remedy in the county where such action was 'pending.' This left it in doubt whether, after judgment or final order had been entered, the action was still to be considered as 'pending,' within the meaning of the statute. That doubt was removed by the Code of 1873, as we have above noted, and thereafter an injunction to restrain proceedings upon a judgment was required to be brought not only in the same county, but in the came court 'in which the judgment was obtained.' "

From the language used in the foregoing opinion, it is apparently conceded that the statute included *proceedings* in a civil action, and that an injunction to restrain such proceedings could be commenced only in the county in which the action was pending. This must be the plain purport of the law, because the statute says:

"When proceedings in a civil action, or on a judgment or final order are sought to be enjoined, the action must be brought in the county * * * in which such action is pending or the judgment or order was obtained."

It seems to us that the very wording of the statute is in itself a sufficient construction thereof. If it had been the intention of the legislature to limit the commencement of such actions to proceedings on a judgment or final order only, it would have been unnecessary to use the words "in a civil action, or * * * in which such action is pending or," and the statute would then have read as follows:

"When proceedings on a judgment or final order are sought to be enjoined, the action must be brought in the county in which the judgment or order was obtained."

Such is the construction asked for by the respondent in this action. It is impossible for us to put that construction upon the statute without doing violence to the very wording of the statute, and without holding that the legislature did not mean what it said.

From the opinion of Hawkeye Ins. Co. v. Huston, supra, it is evident that there was no question about the construction of the words "proceedings in a civil action," and the only question in that case was whether or not the language used was broad enough to also include a judgment. All the cases cited so hold.

It is now claimed by the respondent in this action that the words "proceedings in a civil action" should be limited to the term "process or judgment." The wording of the statute itself is plain and unambiguous. It provides:

"(1) When proceedings in a civil action.

"(2) Or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court (1) *in which such action is pending*; (2) or the judgment or order was obtained."

The term "proceedings" as used in connection with the statute under consideration in its general sense means all the steps or measures adopted in the prosecution or defense of an action. 1 C. J. 941, par. 32; Burns v. Superior Court of City & County of San Francisco, 140 Cal. 1, 73 P. 597, loc. cit. 601; Hopewell v. State, 22 Ind. App. 489, 54 N. E. 127, loc. cit. 129; Atchison, T. & S. F. R. Co. v. Brassfield, 51 Kans. 167, 32 P. 814; Gordon v. State ex rel. Boder, 4 Kans. 489, loc. cit. 501; Morewood v. Hollister, 6 N. Y. 309, loc. cit. 319; State v. McCafferty, 25 Okl. 2, 105 P. 992, L. R. A. 1915A, 639; Loeb v. Loeb, 24 Okl. 384, 103 P. 570; Uhe v. Chicago, M. & St. P. Ry. Co., 3 S. D. 563, 54 N. W. 601; Reyburn v. Handlan, 165 Mo. App. 412, 147 S. W. 846. "The word is generally applicable to any step taken by a suitor to obtain the interposition or action of a court." Irwin v. Bellefontaine Bank, 6 Ohio St. 81, loc. cit. 87; Wilson v. Allen, 3 How. Prac. (N. Y.) 369, loc. cit. 371; Rich v. Husson, 8 N. Y. Super. Ct. (1 Duer) 617.

In Rich v. Husson, supra, the court says:

"The word 'proceeding,' both in its popular sense and in its technical application, has a definite meaning, which we cannot alter or enlarge. It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right, and so far from involving any consideration or determination of the right, presupposes its existence: the proceeding follows the right."

We believe that such meaning of the term "proceedings in a civil action," as used in this statute, must have been intended by the legislature, because an injunction to restrain proceedings pending in any court necessarily does stop all further prosecution thereof, and all further steps to be taken therein.

This is also the result which the respondent in this case expected to happen by the injunction they sought. It is the result which actually did happen. That they expected such an interpretation may be inferred from the petition.

In paragraph 3 of their petition for injunction they say:

"That unless the defendant, its agents, officers and attorneys are restrained and enjoined from *proceeding* in either or both of said

two other causes of action, the plaintiffs will be deprived of their rights, etc."

In the prayer of their petition they say:

"Wherefore, the plaintiffs pray the court, * * * that an injunction and restraining order be granted *restraining and enjoining the defendants*, its officers, agents, and attorneys *from proceeding* in either or both of said actions in the District Court of the State of Iowa in and for Polk County, until the termination of plaintiffs' action herein."

It appears, therefore, that the plaintiffs in the Scott county case are asking an order to stop all further proceedings in the actions commenced by the Bankers Trust Company as plaintiffs in the Polk county district court. We are forced to the conclusion that the words "proceedings in a civil action" as used in section 12527 of the Code are the very kind of proceedings plaintiffs requested in their petition for injunction.

In the present case, proceedings in a civil action commenced in Polk county are sought to be enjoined in Scott county. The legislature has provided by clear and unambiguous enactment that an action to restrain such proceedings must be brought *in the county and in the court* in which the action sought to be restrained was commenced. We are unable to see how this court can override the plain wording of the statute. It is the finding of this court that the district court of Scott county had no jurisdiction to restrain the actions commenced by the plaintiff in the district court of Polk county. The order of the district court of Scott county granting an injunction is declared void, and is hereby annulled; his ruling must be, and is, reversed.—Reversed.

All Justices concur except STEVENS and DONEGAN, JJ., who took no part.