J. P. CALNAN CONSTRUCTION COMPANY v. B. C. BROWN,
Administrator, Appellant.

**Undisclosed Agency.** One who loans money to a son for the purpose of completing a house which the latter is constructing for his parents on land owned by his father, where the son is acting as the agent of his father in such construction, and the latter, on its completion, takes possession thereof, is entitled to recover the amount of such loan from the father, though it was anticipated that payment would be made out of certain resources placed with the son by the father, which fell short.

SAME. Though on its completion the father and his wife took possession and occupied it as a home, the wife was in no way responsible for the money borrowed.

**Objection Below:** DEMURRER. An objection that plaintiff's corporate capacity was neither alleged or proved should be taken by demurrer, and cannot first be urged on appeal, after judgment.

**Review for Appellee:** ASSIGNMENT OF ERRORS. The supreme court will not consider errors urged by appellee, where the record does not show an appeal by him.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, DECEMBER 15, 1899.

THIS is an action in equity, in which plaintiff, as assignee of G. Haywood & Son, claimed of one Amos Brown, Louisa, his wife, and B. C. Brown the amount of a certain note made by the former for money furnished to pay for building a house for Amos Brown upon his property, and for money advanced at request of the debtors to pay a mortgage thereon, and asked that a special lien be established for the two last-named amounts on said property. The execution of the note to Haywood & Son, and payment by them of a certain sum on a mortgage upon the property of Amos Brown, is admitted by him; but it is averred that this indebtedness has been fully paid by money received by Haywood & Son from sales of lots belonging to this defendant. The other liability is denied. Defendant B. C. Brown admits a liability to Haywood & Son on account of building said house, but puts in issue the amount. During the pendency of the action Amos Brown died, and B. C. Brown, his administrator, was substituted. The district court dismissed the cause as against B. C. Brown individually, and Louisa Brown, and denied plaintiff's right to a lien, but rendered judgment against B. C. Brown as administrator for the sum of seven hundred and nineteen dollars and twenty-three cents, and thirty-seven dollars attorney's fees, as due on the note, and one thousand three hundred and fifty-seven dollars and seventy cents on the account. Both parties appeal. We shall recognize defendant as appellant.—*Affirmed.*

*Hayes & Schuyler* and *W. H. Childs* for appellant.

*Walsh Bros.* for appellee.

WATERMAN, J.—Appellant first insists that no judgment should have been rendered in plaintiff's favor, because its corporate capacity was neither alleged nor proved. While it is true that the failure to so allege affords ground for demurrer *(Sweet v. Ervin,* 54 Iowa, 101*),* yet we think such an objection comes too late after judgment *(Andre v. Railway Co.,* 30 Iowa, 107). The case of *The Pembinaw v. Wilson,* 11 Iowa, 479, relied upon by defendant, merely holds that actions must be brought in the names of persons, natural or artificial; that a "thing" can have no standing as a plaintiff.

I. No complaint is made by either party of the amounts found by the trial court. That a house was built on the property of Amos Brown, for the use of himself and wife, and that Haywood & Son advanced money to pay therefor, is not disputed. Amos Brown's claim is that his son, B. C. Brown, built the house for him, and was to pay for the same, and that he (Amos) did not know Haywood & Son in the transaction; that, if anything is owing said firm on account of such work, it is an indebtedness of his son. We think the evidence fairly discloses that B. C. Brown was acting as agent for his father in the matter; that it was expected he could pay for the building out of certain resources placed in his hands by his father, but these fell short. The building cost more than anticipated. The son then, as agent for his father, procured the money of plaintiff's assignor to complete the payments. When the building was finished, Amos Brown and his wife went into possession. It is but just that the amount so paid should be returned. This, however, affords no basis for a liability on the part of Louisa Brown, and the court properly dismissed the action as against her.

II.   The amount due on the note, and on account of payments made by Haywood & Son on a mortgage upon these premises, is established in accord with the trial court's finding. We say this, notwithstanding no question is made in argument, because the answers allege that both of these items have been paid.

III.   On the issues which plaintiff attempts to present, we have only to say that the record does not disclose that any appeal was taken. The judgment of the district court is approved, and on both branches of the case it is AFFIRMED.

GRANGER, J., not sitting.