F. HARTKEMEYER AND COMPANY, Appellee, v. JESSE D. GRIFFITH, Appellant.

Substituted pleadings: CONSIDERATION ON APPEAL. A substituted pleading which is not filed until after entry of the judgment appealed from will not be considered on appeal.

Same: PARTNERSHIP: JUDGMENT: HARMLESS ERROR. Where the answer to a petition describing plaintiff as a partnership made no issue on the question of partnership and the evidence showed an individual ownership of the business, the irregularity of entering judgment in the name of the individual rather than of the partnership was not ground for reversal, it appearing that defendant urged in the lower court that the cause of action belonged to an individual rather than the partnership, and it also appearing that the judgment was binding on both the partnership and such individual member.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Appellant.

WEDNESDAY, JUNE 2, 1909.

THIS is an action at law on account for goods sold and delivered. There was a judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Mills & Perry,* for appellant.

*Wilbur J. Garrison.* for appellee.

EVANS, C. J.—The petition describes the plaintiff as a copartnership doing business at Cincinnati, Ohio. It sets forth a cause of action in its favor against the defendant for goods sold and delivered to the amount of $573.83 to the defendant. The defendant answered by a general denial. The cause came on for trial on May 26, 1908, before the court without a jury. At the trial the plaintiff read in evidence the deposition of Frank Hartkemeyer. On direct examination, this witness testified as follows: "Q. What relation, if any, do you bear to the plaintiff in this action, Frank Hartkemeyer & Co.? A. I am the sole owner of the business." On cross-examination he testified as follows: "Q. You are the plaintiff in this action? A. Yes, sir. Q. Of Frank Hartkemeyer & Co.? A. Yes." At the close of plaintiff's evidence, the defendant moved for judgment on the ground that the plaintiff had no interest in the cause of action, the substance of the argument being that Frank Hartkemeyer, and not Frank Hartkemeyer & Co., was the owner of the alleged cause of action against the defendant. The court overruled the motion. The defendant offered no testimony in defense. The court thereupon on the same day entered judgment against the defendant for the full amount of the claim, in favor of F. Hartkemeyer.

On May 27th the defendant filed a substituted answer. His argument in this court is based somewhat upon such substituted pleading; but, inasmuch as it was not filed until after the judgment appealed from was entered, we can not consider it.

The argument of appellant is that plaintiff's evidence shows conclusively that F. Hartkemeyer had become the owner of the cause of action sued on, and that therefore

no judgment could be rendered in favor of the plaintiff. This contention perhaps furnishes the reason why the court entered judgment in favor of F. Hartkemeyer, instead of F. Hartkemeyer & Co. Appellant's assumption that the evidence quoted above shows conclusively that there had been a transfer of the cause of action from F. Hartkemeyer & Co. to F. Hartkemeyer can not be sustained. It appears from the testimony that F. Hartkemeyer himself transacted the business with defendant incident to the sale of the goods in question, and that he did so in the name of F. Hartkemeyer & Co. Whether a partnership in fact existed does not appear from any direct evidence. Defendant's answer made no issue on that question. Upon the pleadings and the evidence the court could, very properly, have entered judgment in favor of F. Hartkemeyer & Co. To be strictly regular, that is what ought to have been done. From the evidence, however, the court was warranted in drawing the inference that F. Hartkemeyer was simply doing business under the name of F. Hartkemeyer & Co., and that the one was identical with the other.

Upon this view of the facts, the defendant could not be prejudiced by the entry of the judgment in the real name of the party in interest. Inasmuch as the defendant took the ground in the lower court that the cause of action belonged to Hartkemeyer, and not to Hartkemeyer & Co., he is hardly in a position to complain because the court took him at his word. The attorney for the nominal plaintiff assumed to appear for F. Hartkemeyer also, and the defendant has taken his appeal from the judgment by serving notice upon the attorney, as the attorney both of F. Hartkemeyer & Co. and F. Hartkemeyer. Under the circumstances appearing on the record, we think there can be no doubt but that the judgment as entered is binding as an adjudication both upon F. Hartkemeyer and F. Hartkemeyer & Co.

The defendant without any doubt owes the debt to Hartkemeyer under the one name or the other; and while it is perhaps true that the entry of the judgment in favor of F. Hartkemeyer, instead of F. Hartkemeyer & Co., is an irregularity, it is such in form only. The plaintiff could have moved for a correction of the form of the judgment in that respect, but he did not care to do so. He is not entitled to fully escape liability on account thereof. There was no plea in abatement until after judgment was entered.

The judgment below must therefore be *affirmed*.