## D. A. ENSLOW & SON v. W. W. ENNIS, Appellant.

**Evidence:** ADMISSIBILITY: CONCLUSION. In an action for the price of goods, to which the defendant counterclaimed for delay in delivery, the evidence of defendant as to what was the result of the delay was properly excluded as calling for a conclusion; and oral evidence of the relation and agreement of the parties was also properly excluded, when the written agreement of the parties was introduced in evidence.

**Same:** HARMLESS ERROR. The overruling of an objection to evidence on cross-examination was harmless error where the answer of the witness was not prejudical.

**Same.** The appellate court will not interfere with rulings excluding evidence where it does not appear that if permitted it would have materially affected the case.

**Instructions:** SUBMISSION OF ISSUES. Refusal to submit an issue raised by the pleadings but which has no support in the evidence, is not erroneous.

**Damages:** INTEREST. Money due by express contract bears interest from the time the same becomes due, if no other time of payment was fixed. It is not governed by the statute which provides that interest on an open account will not commence to run until the expiration of six months from the last item.

**Judgments.** Where the evidence disclosed that defendant contracted
6   with an individual member of a firm named as plaintiff, he can not
complain that judgment was rendered in favor of such individual
rather than the firm.

*Appeal from Wapello District Court.*—HON. D. M. AN-
DERSON, Judge.

WEDNESDAY, MAY 8, 1912.

ACTION to recover the purchase price of certain marble
sold and delivered to defendant under an oral contract.
The defendant admitted the making of the contract and the
delivery of the marble, but by way of counterclaim asked
damages on account of delay in furnishing the marble and
for negligence in the manner of laying it in the building
for which it was intended.   There was a verdict for plain-
tiff in the amount of the claim, and from judgment there-
on the defendant appeals.—*Affirmed.*

*W. W. Cory* and *Tisdale & Heindel,* for appellant.

*Gilmore & Moon,* for appellee.

McCLAIN, C. J.—The sole controversy in the case was
on the question of the liability of plaintiff for delay in fur-
nishing the marble and for laying it in a defective manner.
Many alleged errors are relied upon for reversal, but they
may be divided into three groups, relating, first, to rulings
in the admission of evidence; second, the giving of instruc-
tions; and, third, the trial of the case and the rendition
of judgment on the theory that the action was in effect
brought and prosecuted by D. A. Enslow as an individual.

I.   Many of the errors, formally assigned as to the
admission of evidence are not argued for the appellant
otherwise than by referring to the pages and lines of the
abstract where the rulings complained of appear.   As coun-

sel for appellant think that "no useful purpose will be
served by elaborating on these objections," so we think that
no useful purpose will be served by elaborating upon them
in this opinion further than to notice those rulings'which
are specifically commented upon in argument.

The defendant, as a witness in his own behalf, was
asked what was the result of the delay in the delivery of
the marble, whether the bank to which the building was
rented to be occupied when the room was
completed came into it under a compromise
or otherwise, and what was said between
the witness and the president of the bank with relation to
coming in before the marble was laid, and objections to these
questions were sustained. The written agreement between
defendant and the bank under which it commenced to pay
rent on July 15, 1906, although the marble was not yet in
place, was introduced in evidence, and sufficiently explained
the relations between the bank and the defendant in that re-
spect so that the conversation between defendant and the
president of the bank was immaterial. The question as to
the result of the delay called for a mere conclusion of the
witness, and from the record it clearly appears what the
consequences of the delay, if any, actually were. In these
respects we find no errors in the record.

1. EVIDENCE:
admissibility:
conclusion.

On cross-examination the defendant as a witness was
asked whether at the time a certain letter of his was writ-
ten after the completion of the work he did not know that
the defects in the floor were there, and an
objection to this question as not proper cross-
examination was overruled. We think the question was
proper by way of cross-examination, but whether it was
or not, the answer was in no way prejudicial to defendant's
case, and the ruling can not properly be made a ground
for reversal.

2. SAME: harm-
less error.

A witness called for defendant was asked on cross-
examination whether at the time he signed a certain state-

ment he misunderstood a reference in the statement as
to what portion of the work was intended,

3. SAME.

and the objections to the questions were
overruled. Thereupon defendant as a witness, being re-
called, was asked to testify in his own behalf whether the
former witness was present when the statement was writ-
ten and whether he dictated it, and objections to these
questions were sustained, as counsel contend, on the ground
that they called for answers tending to impeach such wit-
ness. We think the objections were well taken, and, at any
rate, it does not appear that the anwers to the questions,
if given, would have been material in sustaining defendant's
case.

II. The principal complaint as to the instructions is
that in regard to damages for delay in furnishing the marble
the court submitted only the question whether it was fur-
nished within the time required by the con-

4. INSTRUCTIONS:
submission of
issues.

tract, and did not leave to the jury the ques-
tion whether it was furnished within a rea-
sonable time without regard to any express stipulation in
the contract. It may be that under the pleadings there
was an issue as to reasonable time; but there is no evi-
dence which would have supported a finding for the de-
fendant that, although there was no time specified for per-
formance in the contract, there was unreasonable delay in
performing it. Therefore the court did not err in not sub-
mitting such question to the jury.

A similar complaint is made of the instruction relat-
ing to the defective method of laying the floor; but the
instruction is not open to this objection, for the jury was
told that, if the tiling was not laid in a good and work-
manlike manner, then the defendant should be allowed the
amount of damages suffered by him on that account.

The instruction as to interest is not open to the objec-
tion made that the jury should have been directed to allow
interest only after six months from the time the marble

was furnished. This objection is based on the theory that the amount due plaintiff was on an open account, and interest would not commence to run thereon until the expiration of six months from the last item. See Code, section 3038. But it is plain that the claim of plaintiffs was for money due by express contract, and therefore interest would run from the time it became due; that is, from the time the marble was furnished, if no other time of payment was specified. The court correctly instructed to this effect.

5. DAMAGES: interest.

We have examined other objections made to the instructions, but find them to be without merit.

III. Although in the title of the action the plaintiff is described as "D. A. Enslow & Son," the case was tried and the jury instructed on the assumption that D. A. Enslow was the sole plaintiff, and the verdict and judgment were in his favor as an individual. In this respect the complaint is that a partnership is an entity, and that D. A. Enslow as an individual nowhere appears to be entitled to the cause of action set out in behalf of the partnership. It does appear, however, that the defendant contracted with D. A. Enslow and treated him throughout the transaction as the party with whom the contract was made, and D. A. Enslow, testifying as a witness, speaks throughout of the contract as made with him individually and performed by him. Moreover, while the petition is entitled in the name of "D. A. Enslow & Son," it is not alleged therein that the plaintiff is a partnership. Therefore we have a case wherein it appears that an individual, contracting in his own right, has used a trade name. He might sue, therefore, either in his own name or in the name used in the transaction, and the record shows that in letters written both by and to the plaintiff such trade-name was employed, and the rendering of judgment in favor of the real party in interest could not be prejudicial to the defendant. *Hartkemeyer v. Griffith,* 142 Iowa, 694.

6. JUDGMENTS.

Finding no error in the record, the judgment is *affirmed*.