CHARLES F. KEELING, Sheriff, et al., Appellants, v. WALTER R. PRIEBE, Clerk of Municipal Court et al., Appellees.

No. 42556.

NOVEMBER 13, 1934.

REHEARING DENIED MARCH 18, 1935.

156

Carl A. Burkman, County Attorney, and E. D. Marshall, for appellants.

A. J. Myers, for appellees.

KINTZINGER, J.—▮ This action was commenced in the district court of Polk county, Iowa, to restrain the clerk of the municipal court of the city of Des Moines, and its bailiff, respectively, from issuing and levying an execution upon, and for the cancellation of, a judgment for $135, entered in that court against the defendants there, and plaintiffs here, in favor of the "Capital Loan Company," plaintiff, which it is now alleged is not a legal entity, but merely a trade name. The defendants herein filed a motion to dismiss this action because (1) it is brought to restrain proceedings upon a judgment entered in another court; (2) because a person may sue or be sued in his trade name; and (3) because the appellants duly appeared in the action in the municipal court, without raising the objection complained of here. That the failure to raise such objection there constitutes a waiver thereof. The motion was sustained by the lower court, and plaintiffs appeal.

I. The instant action was commenced in the district court of Polk county, Iowa. The court in which the judgment complained of was rendered was the municipal court of the city of Des Moines. A municipal court is a court of record, and has concurrent jurisdiction with the district court in all civil matters, with a few exceptions not pertinent herein. Code, sections 10654 and 10655. It is a separate court, and the same rules applicable to district courts apply to municipal courts. Code 1931, section 10664.

It is the well-settled law of this state that:

"When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment * * * obtained." Code 1931, section 12527.

Bankers Trust Co. v. Scott, 215 Iowa 1107, 246 N. W. 836. This court has repeatedly held that an action will not lie in one county to enjoin proceedings in another county and court, on a judgment therein rendered, even though the plaintiff's action is based upon the claim that the judgment is wholly void. Ferris v. Grimes, 204 Iowa 587, 215 N. W. 646; Hawkeye Ins. Co. v. Huston, 115 Iowa 621, 89 N. W. 29; Lockwood v. Kitteringham, 42 Iowa

257; Anderson v. Hall, 48 Iowa 346; Bennett v. Hanchett, 49 Iowa 71; Grattan v. Matteson, 51 Iowa 622, 2 N. W. 432; Ulber v. Dunn, 143 Iowa 260, 119 N. W. 269; Brunk v. Moulton Bank, 121 Iowa 14, 95 N. W. 238; Bankers Trust Company v. Scott, 215 Iowa 1107, 246 N. W. 836.

It will be noted that the statute provides that an action seeking to enjoin proceedings on a judgment must be brought in the county *"and court"* in which such action is pending or the judgment obtained. The statute is not limited to the county, but requires the action to be brought in the same *court* in which judgment was obtained.

This being an action for an injunction to restrain proceedings on a judgment in a civil action, it should have been brought in the court in which the judgment was obtained.

II. Appellants contend that, because the action in the municipal court was commenced and tried in a "Trade Name" only, as plaintiff, without any separate appearance by the owners of the business, there was in fact no party plaintiff, and that the judgment entered therein is therefore void. The record shows that the judgment sought to be canceled was obtained in an action wherein the plaintiff was designated by a trade name as the "Capital Loan Company" v. Charles F. Keeling, Sheriff, and L. W. Karlen, Defendants.

It is the settled rule of law in this state that an action may be prosecuted or defended in a trade name. Enslow & Son v. Ennis, 155 Iowa 266, 135 N. W. 1105; Swanson Automobile Co. v. Stone, 187 Iowa 309, 174 N. W. 247.

In Enslow & Son v. Ennis, supra, loc. cit. 270, we said:

"Moreover, while the petition is entitled in the name of 'D. A. Enslow & Son,' it is not alleged therein that the plaintiff is a partnership. Therefore we have a case wherein it appears that an individual, contracting in his own right, has used a trade name. He might sue, therefore, either in his own name or in the name used in the transaction, * * * and the rendering of judgment in favor of the real party in interest could not be prejudicial to the defendant. Hartkemeyer & Co. v. Griffith, 142 Iowa 694, 121 N. W. 372."

In the case of Swanson Automobile Co. v. Stone, supra, loc. cit. 313, we said:

"Appellant makes the point that the action, not being brought in the name of the real party in interest, should be dismissed. The

objection is not well taken. Under the law of this state, a man may lawfully adopt any trade name in which to conduct his business, and, so long as it is not made a cover or means of fraud, he may sue or be sued by such designation."

So in this case it must be assumed from the record that, when the "Capital Loan Company" secured a judgment against the defendants, who are plaintiffs herein, such judgment must have been secured upon a liability created under a contract with the owners of the business conducted in the trade name of "Capital Loan Company." A trade name, when duly registered, is recognized under the statutes of this state. Section 9866-a1. The record in this case shows that the trade name "Capital Loan Company" was duly registered as provided by said section. Under the doctrine laid down in the cases hereinabove cited, a person conducting a business in a trade name may sue or be sued under such designation so long as it is not made a covering for some means of fraud. As the plaintiffs in this case duly appeared as defendants in the action commenced against them in the municipal court of the city of Des Moines, and inasmuch as a judgment was duly entered against them, under an appearance giving the court jurisdiction of them, we are unable to see how they are in any manner prejudiced thereby.

Furthermore, any objection based upon plaintiff's incapacity to sue in that action should have been taken advantage of by the defendants in that action, before pleading to the merits of the case, and a failure so to do constituted a waiver thereof. Calnan Construction Co. v. Brown, 110 Iowa 37, 81 N.W. 163; 47 C. J pp. 183, 184, 185, 188, sections 338, 339, 345, 350.

"An objection based upon plaintiff's incapacity to sue should ordinarily be taken advantage of by defendant at his first opportunity, and before trial, verdict, or judgment. Defendant admits plaintiff's capacity to sue when he pleads to the merits, or files a counterclaim, or files his answer pending a demurrer for incapacity to sue. Failure to object at the proper time, as by demurrer or answer, constitutes a waiver of an objection based upon plaintiff's capacity to sue. Defendant waives the objection by answering over, pending decision on his objection, or after an adverse decision." 47 C. J. 184, section 345.

For the reasons hereinabove set out, we are constrained to hold that the action of the lower court in dismissing plaintiff's petition was right, and the judgment is therefore hereby affirmed.

MITCHELL, C. J., and STEVENS, CLAUSSEN, and ANDERSON, JJ., concur.