JULIE LYNN THUNE, a minor, by CHESTER THUNE, her father and next friend, appellant, v. HOKAH CHEESE COMPANY et al., appellees.

No. 52336.

(Reported in 149 N.W.2d 176)

MARCH 7, 1967.

Strand & Kiener, of Decorah, for appellant.

Miller, Pearson & Gloe, of Decorah, for appellee.

STUART, J.—Plaintiff has appealed from a ruling of the trial court sustaining the special appearance of defendant Hokah Cheese Company on the ground that it was a mere trade or fictitious name under which an individual was doing business and as such was not a suable entity.

Plaintiff was injured in an automobile collision on January 9, 1964. On December 23, 1965, an action was filed against Raymond E. Burke as driver and the Hokah Cheese Company as owner of a truck involved in the collision. Burke was personally served in Iowa and has answered. He is not involved in this appeal. Therefore, the term defendant used herein refers to Hokah Cheese Company.

Plaintiff alleged in her petition: "6. That the defendant, Hokah Cheese Company, is a company having its principal place of business in Hokah, Minnesota, and is an authorized and duly licensed business and company in the State of Minnesota having the capacity to sue and be sued."

Plaintiff attempted to obtain service under Code section 321.498, the nonresident motorist statute. Notice was duly served on the Commissioner of Public Safety. Rather than mail the required notification to defendant, plaintiff had the sheriff of the county where the company was located serve it personally. The return of service read: "* * * I served the same on the defendant named below by delivering to Willard Potter, owner of Hokah Cheese Company a true copy thereof at the time and place set opposite his name." The return showed Hokah Cheese Company by Willard Potter, December 28, 1965, Hokah, Houston County, Minnesota. The return was filed December 29, 1965.

On January 20, 1966, defendant challenged the jurisdiction of the Iowa courts by special appearance alleging it is not a legal entity with power to sue or be sued in that name; Willard Potter is the sole owner and proprietor thereof; the petition shows on its face that Hokah Cheese Company is not a corporation, trade name or partnership and in the absence of such allegation cannot be sued as a separate entity; service on defendant is improper, of no validity, and the court has no jurisdiction.

Answers to interrogatories propounded to Burke indicate Willard Potter was the owner of Hokah Cheese Company and the truck Burke was driving at the time of the accident was registered in the name of Hokah Cheese Company.

On February 9, 1966, plaintiff sought leave to amend paragraph 6 of her petition quoted above by adding: "That said defendant Hokah Cheese Company is owned by Willard Potter who does business under the trade, assumed and fictitious name of Hokah Cheese Company."

In ruling on the special appearance, the trial court considered the amendment as a part of the petition but held plaintiff had failed to sustain the burden of proving jurisdiction over defendant as a suable entity.

I. The trial court and defendant take the position that the effect of the amendment is to substitute a new party defendant for the original defendant and cite cases which hold this cannot be done after the statute of limitations has run. Shellhorn v. Williams, 244 Iowa 908, 58 N.W.2d 361; Davis v. L. L. Cohen

& Co. Inc., 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129, and Sanders v. Metzger, 66 F. Supp. 262.

Plaintiff contends the amendment does no more than correct a misnomer and that defendant was before the court at all times under his trade name and the amendment only clarified his identity by adding his real name. We agree with plaintiff.

An annotation in 124 A. L. R. 86–141 very thoroughly treats the subject of amendments by correcting the name. "Generally, it may be stated that under the statutes, where the proper party is before the court, although there under a wrong name, and * * * if the defendant, he is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction, an amendment of process of pleading will be allowed to change or correct the name of * * * defendant to cure the misnomer. In other words, if the right party is before the court, although under a wrong name, an amendment to cure the misnomer will be allowed."

In referring specifically to "trade name of individual" the writer of the annotation says: "Possibly upon the theory that a trade name is really the name of the person using it, amendments to give the real name of the party suing or being sued under a trade name, whether an individual or a corporation, have been allowed in the following cases: * * *." Supra page 128. Many cases from varying jurisdictions indicated as so holding are thereafter abstracted. Two instances are listed in which such amendment was refused.

See also 39 Am. Jur. 1005, Parties, section 125; 54 C. J. S. 308, Limitations of Actions, section 275.

Here suit was brought against the registered owner of the vehicle involved. Notice was served on the individual who was doing business under that trade name. The petition alleged only that defendant was a company authorized to do business in Minnesota and had the capacity to sue or be sued. It did not say whether it was a corporation, partnership or trade name. If this made the pleading deficient, it certainly could be corrected by an amendment to designate its nature. By this particular amendment plaintiff alleged Hokah Cheese Company to

be the trade and fictitious name assumed by Willard Potter and as such had the capacity to sue or be sued.

We hold the amendment did not amount to a substitution of one party for another after the statute of limitations had run, but only corrected a misnomer of a party who was actually before the court at all times under his assumed fictitious name.

II. Iowa has long recognized that a person may sue or be sued under a trade name. In Hartkemeyer & Co. v. Griffith, 142 Iowa 694, 696, 697, 121 N.W. 372, a suit on account, plaintiff was described as a copartnership. During trial Frank Hartkemeyer testified without dispute that he was sole owner. Judgment was entered in favor of Frank Hartkemeyer as an individual. Defendant argued judgment could not be so rendered. We said:

"Upon the pleadings and the evidence the court could, very properly, have entered judgment in favor of F. Hartkemeyer & Co. To be strictly regular, that is what ought to have been done. From the evidence, however, the court was warranted in drawing the inference that F. Hartkemeyer was simply doing business under the name of F. Hartkemeyer & Co. and that the one was identical with the other.

"Upon this view of the facts, the defendant could not be prejudiced by the entry of the judgment in the real name of the party in interest. * * *

"The defendant without any doubt owes the debt to Hartkemeyer under the one name or the other; and while it is perhaps true that the entry of the judgment in favor of F. Hartkemeyer, instead of F. Hartkemeyer & Co. is an irregularity, it is such in form only."

In Enslow v. Ennis, 155 Iowa 266, 270, 135 N.W. 1105, an action on an oral contract plaintiff was described as "D. A. Enslow & Son". It was tried and the jury was instructed as if D. A. Enslow were sole plaintiff and judgment was entered in his favor as an individual. We said: "* * * while the petition is entitled in the name of 'D. A. Enslow & Son', it is not alleged therein that the plaintiff is a partnership. Therefore we have a case wherein it appears that an individual, contracting in his own right, has used a trade name. He might sue, therefore,

either in his own name or in the name used in the transaction, and the record shows that in letters written both by and to the plaintiff such trade name was employed, and the rendering of judgment in favor of the real party in interest could not be prejudicial to the defendant."

Swanson Auto. Co. v. Stone, 187 Iowa 309, 313, 174 N.W. 247, was an action in equity in the nature of a creditor's bill. Swanson Auto. Co. was the trade name for Solomon Swanson. "Appellant makes the point that the action, not being brought in the name of the real party in interest, should be dismissed. The objection is not well taken. Under the law of this state, a man may lawfully adopt any trade name in which to conduct his business, and, so long as it is not made a cover or means of fraud, he may sue or be sued by such designation."

In Keeling v. Priebe, 219 Iowa 155, 158, 257 N.W. 199, we reaffirmed the principles announced in the above cases.

Defendant claims the cases were decided prior to chapter 547 of the Code relating to trade names and do not control the instant case. We do not agree. Defendant was engaged in business in Minnesota and would be covered by the Minnesota trade name statute, if any. In any event, defendant should not be allowed to take advantage of his failure to comply with a trade name statute to avoid liability for a tort.

The cited Iowa cases are excontractu. This is a tort action. Defendant claims this difference affects the right to be sued in a trade name alone. The cases do not seem to recognize this as a valid distinction. We do not believe it should be. When a party has assumed a fictitious name and registered a truck in that name and used it on the Iowa highways, it seems he should be as suable in tort for an injury resulting from the operation of that truck as he would be for the cost of repairs made on the truck. The name of Hokah Cheese Company would undoubtedly appear as owner of the truck on the accident reports.

This case also differs from the foregoing cases because this is a direct attack upon the jurisdiction of the court by special appearance. However the language holding that an action may be brought in the trade name is broad and unlimited. It is not based on estoppel or waiver, although this was considered an

additional reason for not permitting the attack on the judgment in Keeling v. Priebe, supra.

As long as the real party receives proper notice of the action, we are unable to see any prejudice in permitting him to be sued in a trade or fictitious name alone. However, a careful practitioner should continue to bring suit against the individual as well as the fictitious name in which he may be doing business. 5 Iowa Forms Civil Procedure and Practice 3.—Reversed.

All JUSTICES concur.