# IN THE COURT OF APPEALS OF IOWA

No. 18-1655
Filed July 3, 2019

**ALEXA ANTHONY,**
        Plaintiff-Appellant,

**vs.**

**60TH STREET III, L.C. and PROFESSIONAL PROPERTY MANAGEMENT, INC.,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, David May, Judge.


        Alexa Anthony appeals from the district court's grant of motions to dismiss

from 60th Street III, L.C. and Professional Property Management.  **AFFIRMED.**


        Ben Arato of Wandro & Associates, P.C., Des Moines, for appellant.

        Michael Carmoney and Jack W. Leverenz of Carmoney Law Firm, PLLC,

Des Moines, for appellees.


        Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*  May, J., takes no

part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Senior Judge.**

Alexa Anthony appeals from the district court orders granting motions to dismiss from both 60th Street III, L.C. (60th Street) and Professional Property Management, Inc. (PPM). She argues good cause existed to permit her additional time to serve 60th Street and her amended petition adding PPM as a defendant properly related back to her initial petition. We find she has not shown good cause for failing to timely serve 60th Street and no state of facts exists under the petitions for PPM to know she intended to name them as defendant within the time to bring her claim. Therefore, we affirm the dismissals of both defendants.

## I.      Background Facts and Proceedings

On April 28, 2017, Anthony filed her petition seeking recovery for a slip-and-fall injury occurring January 31, 2016. She named Sun Prarie[1] [sic] of West Des Moines, L.L.C. (Sun Prairie) as the only defendant in the petition, asserting she "was a tenant in [the] property owned by defendant Sun Prairie." Sun Prairie filed an answer in which it denied owning the property at issue. However, Sun Prairie participated in discovery, providing names and contact information for persons with discoverable information, maintenance and tenancy records, an insurance policy for the property that named 60th Street as the insured party, and other discovery. Sun Prairie also answered interrogatories, noting "an incorrect entity has been named as a Defendant" but providing answers "in the interest of good faith furtherance of the discovery process." Anthony eventually learned Keith Denner

---

[1] The April 28, 2017 petition named "Sun Prarie [sic] of West Des Moines, LLC" as the defendant in the caption. On May 1, Anthony filed an amended petition that correctly named the defendant as "Sun Prairie of West Des Moines, LLC" in the caption.

is a general partner of 60th Street and he is the sole owner of both Sun Prairie and PPM.

On August 29, Anthony moved to amend her petition, seeking to add 60th Street as a defendant as owner of the property at issue among other changes. On September 12, the court granted Anthony's motion to amend, instructing her to "file her amendment with the clerk of court and serve the parties as required under the rules." On October 26, Anthony filed her amended petition, which named 60th Street as a defendant.

On March 15, 2018, Anthony served 60th Street with the amended petition. 60th Street filed a motion to dismiss, arguing Anthony had not served it within the required time and she lacked good cause for failing to do so. After a hearing, the court granted 60th Street's motion to dismiss on June 5.

On June 6, Anthony filed a second amended petition that added PPM as a defendant, asserting she was a tenant of PPM. PPM filed a motion to dismiss, arguing claims against it were time barred at that point. After a hearing, the court granted PPM's motion to dismiss. Anthony later moved to dismiss her petition without prejudice. She now appeals the district court's rulings on the motions to dismiss from both 60th Street and PPM.

## II.	Standard of Review

"We review decisions by the district court to grant a motion to dismiss for correction of errors at law. *Rucker v. Taylor*, 828 N.W.2d 595, 598 (Iowa 2013). "Dismissal is proper 'only if the petition shows no right of recovery under any state of facts.'" *Hawkeye Foodservice Distribution, Inc. v. Iowa Educators Corp.*, 812

N.W.2d 600, 604 (Iowa 2012) (quoting *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 194 (Iowa 2007)).

"Ordinarily, the pleadings in the case form the outer boundaries of the material subject to evaluation in a motion to dismiss." *Rucker*, 828 N.W.2d at 598. However, if a party moves to dismiss on the basis of untimely service, "a court is permitted to consider facts outside the pleadings." *Id.* at 598–99. When the district court makes findings of fact for such a motion to dismiss, "those findings 'are binding on appeal unless not supported by substantial evidence.' We are not bound, however, by either the legal conclusions or application of legal principles reached by the district court." *Id.* at 599 (quoting *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998)).

### III.     Dismissal of 60th Street

Anthony argues the court erred when it found she lacked good cause for failing to serve 60th Street within the required time. Our rules of civil procedure state:

> If service of the original notice is not made upon the defendant . . . within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant . . . or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5). To claim good cause, the plaintiff must show he or she took "some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action." *Rucker*, 828 N.W.2d at 599 (quoting *Henry v. Shober*, 566 N.W.2d 190, 192–93 (Iowa 1997). This good cause "standard considers all the

surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss." *Id.* at 601. However, "our long-standing approach [is] that dismissal for failing to timely accomplish service of process is appropriate when the failure results from '[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service.'" *Id.* (quoting *Wilson v. Ribbens*, 678 N.W.2d 417, 421 (Iowa 2004)).

Anthony essentially argues the court erred in failing to consider all circumstances, and these circumstances make it inequitable to dismiss 60th Street. She filed her first amended petition naming 60th Street as defendant on October 26, 2017. She then completed service upon 60th Street on March 15, 2018, a few weeks after expiration of the time for service.[2] She actively pursued her claim after filing the initial petition, including reviewing discovery and conducting a deposition for a scheduled trial. The same counsel represented both Sun Prairie and 60th Street throughout the proceeding, which she asserts caused her to believe 60th Street was willingly participating in the action. Indeed, she received discovery that could only have come from 60th Street.

Even considering all these facts, it would not be inequitable to dismiss 60th Street due to Anthony's failure to conduct timely service. *See id.* at 599. Prior to the amended petition, Sun Prairie informed her on multiple occasions that she did not name the proper defendant, putting her on notice of the need to name a different defendant. On September 12, 2017, when the court granted her motion

---

[2] For purposes of this appeal, we assume Anthony is correct that the ninety-day period to serve 60th Street began with the filing of her October 26, 2017 amended petition.

to amend her petition to add 60th Street, the court directed her to "serve the parties as required under the rules." Despite the court order, she admittedly failed to serve 60th Street until March 15, 2018, weeks after expiration of the ninety-day period. Her actions—whether characterized as inadvertence, neglect, misunderstanding, or all three, of the need to timely serve 60th Street—do not constitute good cause. *See id.* at 601. While Sun Prairie provided discovery despite not being a proper party, it asserted it did so "in the interest of good faith furtherance of the discovery process." Because Sun Prairie had clearly alerted Anthony it was not a proper party, its voluntary participation in discovery cannot provide good cause for her failure to timely serve the proper party. Therefore, the court did not err in granting 60th Street's motion to dismiss on the basis of untimely service.

## IV.  Dismissal of PPM

Anthony also argues the court erred in granting PPM's motion to dismiss on the basis that her claim against it was time barred.[3]  When a plaintiff properly begins an action and the time to begin such action then expires, the plaintiff generally may only add a claim or defendant to the action if the defendant files an amended petition that relates back to the initial petition. *See Estate of Kuhns v. Marco*, 620 N.W.2d 488, 491 (Iowa 2000). Iowa Rule of Civil Procedure 1.402(5) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by

---

[3] A party may raise a statute-of-limitations defense in a motion to dismiss. *See Grant v. Cedar Falls Oil Co.*, 480 N.W.2d 863, 865 (Iowa 1992).

law for commencing the action against the party, the party to be brought in by amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*See also Kuhns*, 620 N.W.2d at 490–91.

The district court granted the motion to dismiss because it found no state of facts where PPM, during the time to bring a claim, "knew or should have known that, but for a mistake concerning identity, the action would have been brought against" it. Iowa R. Civ. P. 1.402(5). The parties agree Anthony was required to bring her claim within two years of her January 31, 2016 injury. *See* Iowa Code § 614.1(2) (providing a two-year statute of limitations for personal injuries). Anthony asserts PPM had actual knowledge of her claim within this two-year period, and it should have known she was seeking recovery from the party responsible for managing the property where she fell. However, her initial petition, which named Sun Prairie as the sole defendant, only alleged Sun Prairie owned the property at issue. Even after Sun Prairie alerted her it was not a proper defendant, her first amended petition similarly alleged newly-named 60th Street merely owned the property at issue. Because her initial and first amended petitions only sought recovery against the owner of the property at issue, we find no state of facts where PPM should have known, during the time to bring a claim, that Anthony also intended to bring her claim against PPM as manager of the property. *See id.* Therefore, the court did not err in granting PPM's motion to dismiss.

Alternatively, Anthony argues her second amended petition should be allowed because it merely corrected a misnomer of the defendant. *See Thune v.*

*Hokah Cheese Co.*, 149 N.W.2d 176, 178 (Iowa 1967) ("[I]f the right party is before the court, although under a wrong name, an amendment to cure the misnomer will be allowed."). However, the record shows Sun Prairie and PPM are legally distinct entities. PPM's actions in assisting Sun Prairie with providing discovery do not make them the same entity. Therefore, misnomer does not apply. *See id.*

To the extent Anthony argues PPM is equitably estopped from seeking dismissal, the court did not rule on the issue and it is not preserved for appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

## V. Conclusion

Anthony has not shown good cause for failing to timely serve 60th Street. Also, no state of facts exists under the petitions that would show PPM should have known she intended to name them as defendant during the time to bring her claim. Therefore, the district court did not err in granting the motions to dismiss from both 60th Street and PPM.

**AFFIRMED.**